■ In the Matter of KEVIN CAPERS, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents. [718 NYS2d 428] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

In May 1990, petitioner, a court officer, sustained back, leg and arm injuries while attempting to restrain a litigant during a fight in the courthouse. He returned to work several months later and performed full-duty assignments until January 1991, when he ceased working as the result of a knee injury that he sustained while chasing an escaping prisoner. Two months later, petitioner temporarily resumed light-duty assignments but soon after left work again in order to undergo knee surgery. In August 1992, petitioner returned to his full-duty position and continued working as a court officer in various locations until he was reassigned to a desk job in January 1996. Soon thereafter, petitioner ceased working as the alleged result of progressive arthritis caused by the 1990 and 1991 injuries and applied for accidental disability retirement benefits. After a hearing, petitioner's application was denied based upon a finding that petitioner failed to sustain his burden of establishing that he was permanently incapacitated from performing his employment duties. This CPLR article 78 proceeding ensued.

Contrary to petitioner's contention, there exists substantial evidence to support respondent Comptroller's determination that petitioner was not permanently incapacitated from his employment (*see, Matter of De Carolis v McCall*, 272 AD2d 824; *Matter of Condo v McCall*, 269 AD2d 676; *Matter of Hunt v McCall*, 269 AD2d 645). Leon Sultan, the Board certified orthopedic surgeon who examined petitioner on behalf of respondent New York State and Local Retirement Systems, testified that petitioner is not permanently incapacitated from his employment as a court officer. According to Sultan, petitioner's

pain responses were exaggerated, voluntary and inconsistent with the findings of his physical examination which revealed no significant abnormalities of petitioner's knee and lumbar spine. Although MRI reports indicated that petitioner suffered from a variety of disabling conditions, Sultan testified that petitioner displayed none of the clinical features typical of such injuries. Notably, petitioner's testimony that he has continually experienced pain since the 1990 and 1991 injuries was undermined by the fact that petitioner sought no medical treatment during the two years prior to filing his application for benefits.

To the extent that petitioner's orthopedist, who was not Board certified, opined that petitioner was permanently incapacitated from performing his duties, we note that the Comptroller has exclusive authority to resolve conflicts in the medical testimony by crediting one expert opinion over another (*see, Matter of Giebner v McCall*, 270 AD2d 705, 706; *Matter of Moore v McCall*, 261 AD2d 767).

Mercure, J. P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.