■ In the Matter of DEBRA SHISLER, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [732 NYS2d 130] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

Petitioner, previously employed as a nurse at a State facility for the mentally retarded, filed an application for ordinary disability retirement benefits under the Retirement and Social Security Law claiming that she was permanently disabled by severe arthritis in her feet, ankles, knees, hips, back and hands. After her application was denied by respondent Comptroller following a hearing, petitioner initiated this CPLR article 78 proceeding challenging the determination. Finding no merit to any of her arguments, we confirm.

Substantial evidence supports the Comptroller's determination that petitioner was not permanently incapacitated from the performance of her nursing duties. Specifically, a Board-certified orthopedic surgeon who examined petitioner at the request of respondent New York State Employees' Retirement System and reviewed her medical records opined that, notwith-

---

standing observable osteoarthritis in her hands and a degenerative condition of her spine, petitioner's feet, legs and hips were essentially normal for a person of her age and weight. His testimony, which the Hearing Officer described as "compellingly competent and convincing," concluded that petitioner was not disabled from her job. The fact that there was evidence in the record to the contrary, including the testimony of petitioner's treating physician, merely created a credibility issue for the Comptroller to resolve (*see, Matter of Capers v New York State & Local Retirement Sys.*, 278 AD2d 686; *Matter of Harper v McCall*, 277 AD2d 589).

We also find no basis upon which to adopt "the treating physician" rule, which has its origin in Federal regulations (*see,* 20 CFR 416.927 [d] [2]) and which would result in our Court ascribing more weight to the opinion of petitioner's treating physician than that of the Comptroller's expert. To be sure, there is no corollary State predicate for application of this rule and, in the absence of same, we decline to adopt one by judicial fiat. Lastly, we discern no error in the Hearing Officer's refusal to admit into evidence petitioner's notification of her eligibility for Social Security disability benefits. While petitioner acknowledges that such award does not have preclusive effect on the Retirement System, she nonetheless contends that same is at least relevant information and thus admissible at the hearing conducted pursuant to Retirement and Social Security Law § 74. We disagree. We have routinely held that administrative determinations by other agencies which have different standards based on different statutory schemes are "irrelevant" to hearings before the Comptroller (*Matter of Snyder v New York State Employees' Retirement Sys.*, 43 AD2d 871, *lv denied* 34 NY2d 519; *see, Matter of Keller v Regan*, 212 AD2d 856).

Crew III, J. P., Peters, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.