In the Matter of CAROL A. IRISH, Petitioner, v H. CARL McCALL, as State Comptroller, et al., Respondents. [747 NYS2d 610] —Peters, J.

On September 30, 1994, petitioner was working as a developmental aide at a center for the mentally challenged when she slipped on liquid while carrying a food tray and fell to the floor, sustaining injuries to her neck and back. She sought medical attention and, after being out of work for approximately one month, resumed her duties. In March 1997,

however, she stopped working completely and, thereafter, filed applications for ordinary and accidental disability retirement benefits. Both applications were denied by respondent New York State and Local Employees Retirement System. Following a hearing, respondent Comptroller determined that petitioner was not permanently incapacitated from performing her duties and upheld the denial of her applications. This CPLR article 78 proceeding ensued.

Petitioner challenges the administrative determination on the basis that the Comptroller should have given deference to the testimony of her physician, who has treated her for more than six years, over the testimony of the Retirement System's expert. This Court, however, has expressly declined to adopt a rule that would require more weight to be given to the testimony of a petitioner's treating physician than to the testimony of a medical expert retained by the Comptroller or the Retirement System (*see Matter of Shisler v New York State Employees' Retirement Sys.*, 288 AD2d 526, 527). Rather, we have adhered to the view that the Comptroller is vested with the authority to resolve conflicts in medical opinion and credit the testimony of one medical expert over another (*see Matter of Brown v McCall*, 294 AD2d 703, 705; *Matter of Meegan v New York State Retirement Sys.*, 285 AD2d 892, 894).

The instant proceeding presents a classic example of a conflict in expert medical opinion concerning the nature and extent of petitioner's incapacitation. On the one hand, the statement of disability prepared by petitioner's treating physician set forth a diagnosis of lumbosacral sprain/strain and lumbar radiculopathy and noted that, after four years of treatment without improvement, petitioner was permanently incapacitated from performing the duties of a developmental aide. On the other hand, the report of the Retirement System's expert, while acknowledging the presence of disc desiccation and focal central protrusion at L4-5 and L5-S1 as indicated on an MRI, revealed that a physical examination of petitioner's cervical and thoracolumbar spine did not disclose any abnormalities and her X rays did not show any evidence of a bony or disc space anomaly. Consequently, his report concluded that petitioner did not exhibit any clinical signs of an ongoing disability that would prevent her from resuming employment as a developmental aide. Insofar as the Retirement System's "expert's opinion is not so lacking in foundation or rationality as to preclude [the Comptroller] from exercising the authority to evaluate conflicting medical opinions" (*Matter of Harper v McCall*, 277 AD2d 589, 590), we find no reason to disturb the determination at issue.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.