■ In the Matter of JAMES WOODWARD, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [750 NYS2d 909] —Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of re-

---

spondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a confidential criminal investigator for the Rockland County District Attorney's office, allegedly sustained neck and back injuries after he fell from a stepladder while attempting to retrieve a case file from the basement archives of the county office building. He subsequently filed an application for accidental disability retirement benefits which was denied by the New York State and Local Retirement System. Following a hearing and redetermination, respondent denied petitioner's application, finding that the April 25, 1995 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 63. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination. We confirm.

" '[A]n injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury' " (*Matter of Tuper v McCall*, 259 AD2d 941, 941, quoting *Matter of Cadiz v McCall*, 236 AD2d 766, 766). Here, petitioner stated that his duties as a confidential investigator were prescribed by the District Attorney. He testified at the hearing that he devised the system for maintaining old case files in the archives and was asked by the District Attorney to search for the file in question because neither a secretary nor an investigator could locate it. Petitioner further testified that he was at the top of the metal platform of the stepladder with one box resting on it and was leaning forward to look through individual files contained in a second box when the stepladder tipped to the side causing him to fall. No unexpected event or outside force caused the ladder to fall. We, therefore, find that the incident does not constitute an accident within the meaning of Retirement and Social Security Law § 363 (*see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012). Inasmuch as substantial evidence supports respondent's finding that petitioner's injury occurred in the ordinary course of his duties and not from an unexpected event, it must be upheld (*see Matter of Van Roten v McCall*, 276 AD2d 944, 945).

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.