■ In the Matter of KENNETH DAVENPORT, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [772 NYS2d 754]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, inter alia, denied petitioner's applications for accidental disability retirement benefits and performance of duty disability retirement benefits.

Petitioner, while working as a firefighter for the City of Mount Vernon, Westchester County, on November 19, 1994, was, along with his fellow firefighters, assigned to secure a derelict building to prevent its occupancy by squatters. While attempting to pull up and secure a "drop ladder" on a fire escape, petitioner experienced a sharp pain in his neck, left shoulder and chest. He was hospitalized and diagnosed with muscle strain after a heart attack had been ruled out. Petitioner returned to work approximately one week later, but continued to experience pain and was placed on light duty. In 1997, petitioner was diagnosed with a herniated cervical disc which was causally related to the November 19, 1994 episode. In January 1998, petitioner stopped working and respondent thereafter denied petitioner's application for accidental disability retirement benefits on the ground that his injuries did not result from an "accident" within the meaning of Retirement and Social Security Law § 363.

Petitioner's testimony reveals that in the course of his employment as a firefighter he was, on occasion, called upon to lower

drop ladders attached to fire escapes. Thus, even if we credit his testimony that this is the first time in his career that he was called upon to raise such a ladder, we nevertheless conclude that working with these ladders is part of the routine duties of a firefighter. His injury, therefore, occurred as a result of activity undertaken in the performance of his ordinary employment duties and does not qualify as an accident within the meaning of this statute (*see Matter of Woodward v McCall*, 300 AD2d 978 [2002]; *Matter of Dzwielewski v McCall*, 277 AD2d 622, 622 [2000]).

Respondent also denied petitioner's application for performance of duty disability retirement benefits under Retirement and Social Security Law § 363-c, concluding that petitioner failed to meet his burden of proving that he is permanently incapacitated from the performance of his duties as a firefighter. Substantial evidence, which in a disability case means some credible evidence (*see Matter of Decker v McCall*, 305 AD2d 782, 783 [2003], *lv denied* 100 NY2d 512 [2003]), supports this determination. Petitioner's treating physicians, based on their examinations and diagnostic test results, concluded that petitioner is totally disabled from performing the duties of a firefighter. On the other hand, based on his review of petitioner's records and his three examinations of petitioner, Leon Sultan, a board-certified orthopedic surgeon, concluded that no orthopedic reason exists which would prevent petitioner from the full performance of his duties. The resolution of such conflicting expert medical opinion lies within the discretionary power of respondent, who is entitled to credit the opinion and testimony of one expert over that of another (*see id.* at 783). Because respondent's determination is supported by substantial evidence, it must be upheld (*see Matter of Woodward v McCall*, *supra* at 979).

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.