In the Matter of BART ENGLISH, Petitioner, v H. CARL Mc-CALL, as State Comptroller, Respondent. [774 NYS2d 879]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner began working as a police officer for the City of Rye in Westchester County in 1981, and was later promoted to the rank of sergeant. He sustained injuries while on the job on four different occasions. Specifically, petitioner was involved in an automobile accident in July 1982, strained his back and neck while assisting an individual to an ambulance in October 1990, injured his left shoulder in a foot pursuit in October 1997 and injured his left wrist and hand at the shooting range in August 1998. In February 2000, he filed applications for accidental and performance of duty disability retirement benefits claiming that, as a result of the aforementioned incidents, he had sustained injuries to his left shoulder, left hand, wrist and two fingers, and left cervical spine. Following the initial denial of both applications, petitioner requested a hearing and redetermination. At the conclusion of the hearing, the Hearing Officer found that the events of October 1990 and October 1997 were not accidents within the meaning of the Retirement and Social Security Law and that petitioner was not permanently incapacitated from performing his job duties.* Accordingly, he also denied the applications. Respondent accepted the Hearing Officer's findings and conclusions, resulting in this CPLR article 78 proceeding.

Initially, we note that in order for petitioner to be entitled to accidental or performance of duty disability retirement benefits, it must be demonstrated that he is permanently incapacitated from performing his regular job duties (*see* Retirement and Social Security Law § 363 [a] [1]; § 363-c [b] [1]). Where conflicting medical evidence is presented on this issue, respondent is vested with the authority to weigh the evidence and credit the opinion of one expert over that of another (*see Matter of Peterson v New York State & Local Retirement Sys.*, 304 AD2d 948 [2003]; *Matter of Rogers v McCall*, 301 AD2d 723, 725 [2003]). Respondent's determination will be upheld so long as it is supported by substantial evidence, even if there is evidence that would support a contrary conclusion (*see Matter of Russo v McCall*, 293 AD2d 912, 913 [2002]; *Matter of Gabrielsen v McCall*, 285 AD2d 895 [2001]).

Here, conflicting medical documentation was provided by the parties concerning the extent of petitioner's disability. Joseph Elfenbein, one of petitioner's treating orthopedic surgeons, stated in a February 2001 report that petitioner had a neck and shoulder injury which rendered him totally disabled from his position as police sergeant. He indicated in July 2001 that al-

---

* At the hearing, petitioner withdrew his claim that the August 1998 incident was an accident and the New York State and Local Retirement Systems conceded that the July 1982 incident was an accident.

though petitioner had reached maximum medical improvement, he exhibited an approximate 50% loss of range of motion in his cervical spine and reiterated that petitioner was totally disabled from performing the duties of a police officer. Similarly, orthopedist John Nelson, who began treating petitioner after the October 1997 incident and performed surgery on petitioner's left shoulder in 1998, opined that as of July 2001, petitioner had a permanent disability as a result of injuries to the left shoulder girdle and cervical spine and, therefore, was unable to perform the duties required of a police officer.

To the contrary, Leon Sultan, the orthopedic surgeon who examined petitioner on behalf of the New York State and Local Retirement Systems, stated that his June 2000 orthopedic and neurological examinations of petitioner's cervical spine and upper extremities were largely unremarkable. He noted that although petitioner exhibited a mild voluntary resistance to range of motion testing of his left shoulder and a slight decrease in full flexion of the fourth and fifth fingers of his left hand, he could not clinically confirm any ongoing orthopedic disability related to the incidents at work that would prevent petitioner from performing the duties of a police sergeant. This opinion was consistent with the November 1998 report of orthopedist Martin Barschi, who noted that an October 1998 MRI of petitioner's cervical spine did not reveal any disc herniation, spinal stenosis or nerve root involvement, or any objective findings of cervical spine radiculopathy. Consequently, Barschi cleared petitioner to return to work, but advised him to avoid overhead activities requiring use of his upper extremities.

Contrary to petitioner's claim, the opinions of petitioner's treating physicians were not entitled to greater weight that those of the other experts (see Matter of Irish v McCall, 297 AD2d 895, 896 [2002]). Since the reports of Sultan and Barschi provided substantial evidence supporting the finding that petitioner was not permanently incapacitated from performing the duties of a police sergeant, we find no reason to disturb respondent's determination. In light of our decision, we need not address petitioner's remaining contention.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.