In the Matter of EUGENE P. ROLANDELLI, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, et al., Respondents. [811 NYS2d 483]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental disability retirement benefits and performance of duty disability retirement benefits.

Petitioner was first employed by the Port Authority of New York and New Jersey as a police officer in 1980. He suffered back pain following work-related incidents in 1983, 1989 and 1999, as well as subsequent to an off-duty motor vehicle accident in 1986. His applications in 2000 for retirement benefits based upon accidental disability and performance of duty disability were disapproved, primarily on the ground that he was not permanently incapacitated from performing the duties of a police officer. As relevant to this proceeding, respondent Comptroller accepted those findings and conclusions, and this CPLR article 78 proceeding ensued.

The determinative issue in this proceeding is whether the Comptroller erred in failing to credit the testimony and opinion of the orthopedic surgeon who treated petitioner throughout the 20-year period following the 1983 incident over that of the orthopedic surgeon who performed a single examination of petitioner. Specifically, petitioner's treating physician, Edmond Saad, testified that petitioner's back was initially injured in 1983 and that a CT scan gave findings consistent with a herniated disk, that each incident had aggravated the injury, and that the 1999 incident had "pushed [petitioner] over the edge" and rendered him permanently unable to perform a police officer's duties. The expert for respondent New York State and Local Employees' Retirement Systems, Leon Sultan, disagreed with Saad's testimony that an MRI performed in January 2000 revealed herniation of a disk, and further testified that his evaluation of petitioner's lower back resulted in findings that petitioner was orthopedically stable, neurologically intact, and demonstrated no objective evidence of injury. Further, while acknowledging that it would be inadvisable for a police officer to drive a vehicle or use a weapon while using narcotic medications, given the absence of objective clinical findings, Sultan disputed the necessity of claimant's use of such medication. Declining to base his opinion on petitioner's subjective complaints of pain, Sultan opined that petitioner is not permanently disabled.

It is well established that the Comptroller is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one expert over another (*see Matter of Stern v Hevesi*, 12 AD3d 831, 832 [2004]; *Matter of Fergus v Hevesi*, 6 AD3d 922, 923 [2004]; *Matter of Flynn v McCall*, 1 AD3d 686, 687 [2003]). The testimony of a treating physician is not necessarily entitled to more weight than that of a physician who performs an independent medical exam (*Matter of English v McCall*, 6 AD3d 923, 925 [2004]; *Matter of Irish v McCall*, 297 AD2d 895, 896 [2002]; *Matter of Shisler v New York State Employees' Retirement Sys.*, 288 AD2d 526, 527 [2001]). Inasmuch as the testimony of the Retirement System's medical expert provided " 'an articulated, rational and fact-based medical opinion' derived from his own examination of petitioner as well as his review of relevant medical records" (*Matter of Collins v New York State & Local Retirement Sys.*, 5 AD3d 817, 818 [2004] [citation omitted]), the Comptroller's determination is supported by substantial evidence (*see Matter of Macari v Hevesi*, 17 AD3d 911, 912 [2005]; *Matter of Capparella v McCall*, 7 AD3d 875, 876 [2004]; *Matter of Capers v New York State & Local Retirement Sys.*, 278 AD2d 686, 686-687 [2000]) and will not be disturbed.

Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.