■ In the Matter of Cono Trezza, Petitioner, v New York State and Local Retirement Systems et al., Respondents. [847 NYS2d 305]—

Carpinello, J. Proceeding pursuant to CPLR article 78

(transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner was employed as a sanitation worker in Nassau County when he was involved in an automobile accident on January 18, 2002 as a result of which he allegedly injured his neck, back, shoulder and right leg. Following one day of missed work after the accident, petitioner returned to work on light duty, but ultimately ceased working as a sanitation worker in June 2003. Petitioner applied for disability retirement benefits in February 2004 and, following an initial disapproval and petitioner's request for a hearing and redetermination, a hearing was held. At the hearing, testimony was received from Alan Colicchio, petitioner's treating physician, who opined that petitioner was unable to perform the duties required of a sanitation worker. Leon Sultan, a board-certified orthopedic surgeon who conducted an independent medical examination of petitioner, also testified and, based upon his review of petitioner's medical records and a physical examination, stated that he "was not able to confirm any ongoing orthopedic impairment that would prevent [petitioner] from engaging in his work." At the conclusion of the hearing, the Hearing Officer determined that petitioner failed to prove that he was permanently incapacitated from the performance of his job duties. This determination was affirmed by respondent Comptroller, prompting petitioner to initiate this CPLR article 78 proceeding.

Finding that substantial evidence supports the Comptroller's determination, we confirm. "It is well established that the Comptroller is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one expert over another" (*Matter of Rolandelli v Hevesi*, 27 AD3d 945, 946 [2006] [citations omitted]; *see Matter of Davenport v McCall*, 5 AD3d 850, 851 [2004]; *Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]). Considering that Sultan reviewed petitioner's medical records and conducted a physical examination, his expert opinion provides credible evidence supporting the Comptroller's determination (*see Matter of Rolandelli v Hevesi*, 27 AD3d at 946; *Matter of Harper v McCall*, 277 AD2d at 590), notwithstanding that the testimony of petitioner's treating physician and other evidence in the record may support a contrary result (*see Matter of Rolandelli v Hevesi*, 27 AD3d at 946; *Matter of Kesick v New York State & Local Employees' Retirement Sys.*, 257 AD2d 831 [1999]).

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.