■ In the Matter of KATHRYN T. QUIGLEY, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. [852 NYS2d 462]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability and performance of duty disability retirement benefits.

Petitioner applied for accidental and performance of duty disability retirement benefits for the injuries she sustained on three occasions while working as a police officer. Following a hearing, her application with regard to the first two incidents was denied on the ground that these incidents were not accidents within the meaning of Retirement and Social Security Law § 363 because she fell while walking on pavement in performance of her normal duties. As for the third incident, a low-speed motor vehicle accident after which petitioner experienced pain in her hip and back, respondent concluded that petitioner failed to prove that those injuries permanently incapacitated her from the performance of her job duties. This CPLR article 78 proceeding ensued.

It is well settled that " 'an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury' " (*Matter of Pryor v Hevesi*, 14 AD3d 776, 776 [2005], quoting *Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997]). At the times when she fell, petitioner was walking on a paved surface during daylight hours while investigating a traffic violation and a disturbance in the course of her usual police duties. Inasmuch as stepping on uneven or cracked pavement is an inherent risk that would ordinarily be anticipated in the context of performing those duties (*see Matter of McCabe v Hevesi*, 38 AD3d 1035, 1036 [2007]; *Matter of Coon v New York State Comptroller*, 30 AD3d 884, 885 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Penkalski v McCall*, 292 AD2d 735, 736 [2002]), the record supports respondent's determination that petitioner's falls occurred in the course of her performance of the ordinary duties and responsibilities of a police officer.

As for the injuries arising out of the motor vehicle accident, a board-certified orthopedic surgeon, who conducted an independent medical examination of petitioner, filed a report and testi-

fied that she is not permanently incapacitated because her allegedly disabling conditions, namely an entrapped nerve and bursitis, can be effectively relieved by surgery. "It is well established that [respondent] is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one expert over another" (*Matter of Rolandelli v Hevesi*, 27 AD3d 945, 946 [2006] [citations omitted]; *see Matter of Davenport v McCall*, 5 AD3d 850, 851 [2004]). Further, given the orthopedic surgeon's testimony that such surgery is generally safe and successful, it is not unreasonable for petitioner to be required to have the surgery to relieve her conditions. Nor did petitioner otherwise justify her refusal to submit to the remedial procedures (*see Matter of Beckley v New York State & Local Retirement Sys.*, 43 AD3d 1267, 1268 [2007]; *Matter of Dymond v Hevesi*, 24 AD3d 938, 938 [2005]). Considering that the orthopedic surgeon reviewed petitioner's medical records and conducted a physical examination, his opinion provides credible evidence supporting respondent's determination (*see Matter of Rolandelli v Hevesi*, 27 AD3d at 946; *Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]), notwithstanding the testimony of petitioner's treating physician and other evidence in the record which may support a contrary conclusion (*see Matter of Rolandelli v Hevesi*, 27 AD3d at 946; *Matter of Kesick v New York State & Local Employees' Retirement Sys.*, 257 AD2d 831, 831 [1999]).

Mercure, J.P., Spain, Carpinello and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.