■ In the Matter of COREY B. SWEENEY, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, et al., Respondents. [855 NYS2d 762]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner applied for accidental disability retirement benefits for injuries he sustained on March 1, 1999 and July 11, 2000 while working as an outside maintenance worker for a school district. Although his application was approved by a Hearing Officer, respondent Comptroller overruled that determination and found that the incident in 2000 was not an accident within the meaning of Retirement and Social Security Law § 363. As for the 1999 incident, the Comptroller accepted the finding that it was an accident, but remanded the question of whether petitioner's incapacity is solely a result of the injuries sustained in that incident. The Hearing Officer then found that it was not the sole cause, the Comptroller upheld that determination and petitioner commenced this CPLR article 78 proceeding.

Petitioner bears the burden of proving that an injury was accidental and the Comptroller's determination in this regard will be upheld if supported by substantial evidence (*see Matter of Sinclair v New York State & Local Retirement Sys.*, 42 AD3d 595, 596 [2007]). " '[A]n injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury' " (*Matter of Pryor v Hevesi*, 14 AD3d 776, 776 [2005], quoting *Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997]; *see Matter of Sinclair v New York State & Local Retirement Sys.*, 42 AD3d at 596). Here, the 2000 incident occurred while petitioner was

repairing a damaged section of fence on his employer's premises. When petitioner stooped to lift a heavy roll of fencing, he felt a sharp pain in his lower back and was later found to have a herniated disc. Citing the Hearing Officer's initial finding that lifting the fencing without help constituted a qualifying unexpected event, petitioner contends that fence construction and lifting heavy bundles of fencing for that purpose did not fall within his job description. Petitioner's own testimony, however, showed that it was his job to maintain the fences at his employer's 11 buildings, he had made significant fence repairs on several prior occasions and he often worked without assistance. The record also shows that on other occasions, petitioner's work required him to lift or carry heavy equipment and materials. Thus, there is ample support for the Comptroller's finding that petitioner's injury occurred in the performance of his ordinary duties of a maintenance worker.

As for the injuries to petitioner's neck, sustained in the conceded 1999 accident, there was testimony by an orthopedic surgeon who had reviewed petitioner's medical records and examined him in October 2001 on behalf of respondent New York State and Local Employees' Retirement System. This physician found no impairment of petitioner's cervical spine or range of motion, and opined that there was no condition of his neck which would permanently incapacitate him from work. Petitioner's treating orthopedic surgeon testified that, due to the 1999 accident, petitioner had two herniated discs in his cervical spine, but probably did not become disabled until December 2001, after his second injury. The physician also conceded that if petitioner only had the neck problems associated with the first accident, he would still be working.

"It is well established that the Comptroller is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one expert over another" (*Matter of Rolandelli v Hevesi*, 27 AD3d 945, 946 [2006] [citations omitted]; *see Matter of Davenport v McCall*, 5 AD3d 850, 851 [2004]). Here, the opinion of the Retirement System's orthopedic surgeon provides credible evidence supporting the Comptroller's determination (*see Matter of Rolandelli v Hevesi*, 27 AD3d at 946; *Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]), notwithstanding other evidence in the record which may support a contrary conclusion (*see Matter of Rolandelli v Hevesi*, 27 AD3d at 946; *Matter of Kesick v New York State & Local Employees' Retirement Sys.*, 257 AD2d 831, 831 [1999]).

Mercure, J.P., Peters, Rose, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.