■ In the Matter of JOHN R. HAYES, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [902 NYS2d 196]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

While employed as an officer with the City of Yonkers Police Department in 1991, petitioner sustained an injury to his back as a result of a minor motor vehicle accident that occurred while he was on duty. In 1993, petitioner again sustained an injury to his back while on duty when he lost his footing and the suspect that he had apprehended fell on top of him. Petitioner retired in 2003, as a detective, after allegedly aggravating his back injury during the execution of a search warrant. He thereafter submitted applications for accidental and performance of duty disability retirement benefits, which were initially denied. Following a hearing, the Hearing Officer recommended a denial of the applications, based upon his findings that petitioner was not permanently incapacitated from the performance of his duties and, further, that the 1993 injury was not an accidental injury.* Petitioner commenced this CPLR article 78 proceeding to chal-

* Although petitioner cited both the 1991 and the 1993 incidents in his initial applications, subsequent thereto he relied upon only the 1993 incident.

lenge respondent's subsequent determination, which adopted the Hearing Officer's recommendation.

We confirm. Initially, "an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury" (*Matter of Quigley v Hevesi*, 48 AD3d 1023, 1024 [2008] [citations omitted]; *see Matter of McGerald v DiNapoli*, 51 AD3d 1328, 1329 [2008]; *see also* Retirement and Social Security Law § 363). Here, substantial evidence supports respondent's determination that the 1993 injury was not an accidental injury. The record establishes that the incident occurred while petitioner was escorting an apprehended suspect up a muddy slope to the patrol car in the course of his usual duties as a police officer. Contrary to petitioner's contention, the fact that petitioner and the suspect lost their footing and fell is not an abnormal or unforeseeable risk in the context of those duties (*see Matter of Hulse v DiNapoli*, 70 AD3d 1235, 1236 [2010]; *Matter of Quigley v Hevesi*, 48 AD3d at 1024).

Further, petitioner did not satisfy his burden of establishing that he was permanently incapacitated from performing his duties as a result of the injury that he sustained in the fall (*see Matter of Johnson v New York State & Local Retirement Sys.*, 54 AD3d 1130, 1130 [2008]). In that regard, petitioner's medical expert opined that petitioner was no longer able to perform his duties as a result of his injuries. However, although petitioner presented subjective complaints of pain, the expert found most results of his physical examination of petitioner to be negative or normal. The expert for the New York State and Local Retirement System, on the other hand, found that petitioner exhibited "marked symptom magnification" and had "voluntarily restricted" his movements on exam. The expert concluded that the findings upon objective testing, including two MRI images, were not consistent with petitioner's subjective complaints of pain and opined that petitioner was not permanently incapacitated from performing his duties. Respondent has the exclusive authority to credit the testimony of one expert over another and resolve conflicting medical evidence (*see Matter of Hulse v DiNapoli*, 70 AD3d at 1237; *Matter of Quigley v Hevesi*, 48 AD3d at 1025). Here, the rational and fact-based opinion of the Retirement System's expert, which was made after a physical examination of petitioner and a review of his medical records, provides substantial evidence to support respondent's determination that

---

Notably, at the hearing, petitioner's medical expert testified that he did not consider the 1991 incident to be "of any major consequence."

petitioner is not permanently incapacitated from performing his duties (*see Matter of Hulse v DiNapoli*, 70 AD3d at 1237; *Matter of Quigley v Hevesi*, 48 AD3d at 1025).

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.