In the Matter of MICHAEL J. ROGERS, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, Respondent. [911 NYS2d 504]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner, a developmental aide for the Central New York Developmental Services Office, applied for disability retirement benefits in 2005 based upon an alleged permanent disability as the result of work-related injuries he suffered to his ankle, neck and back from 1996 to 2004. The New York State and Local Employees' Retirement System disapproved the application and petitioner requested a rehearing and redetermination. Following a hearing, the Hearing Officer found that petitioner failed to establish that he was permanently incapacitated from performing his duties. Respondent accepted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

We confirm. "To be eligible for disability retirement benefits, petitioner must establish that he is permanently disabled from his regular job duties" (*Matter of Doran v New York State & Local Police & Fire Retirement Sys.*, 56 AD3d 922, 922 [2008] [citations omitted]). To that end, petitioner offered the medical reports of two chiropractors and his treating orthopedic surgeon, who all concluded that petitioner was permanently incapacitated from performing his job duties due to both cervical and lumbar disc herniations. Petitioner also offered the medical report of an orthopedic surgeon, who conducted a workers' compensation evaluation of him and concluded that petitioner was permanently disabled due to both lumbosacral and cervical strain superimposed upon degenerative disc disease. In contrast, an orthopedic surgeon who examined petitioner on behalf of the Retirement System testified that, although his examination and review of petitioner's medical records revealed degenerative disease of the cervical and lumbosacral spines, he found no objective evidence of a permanent incapacity to perform his job duties.

It is well settled that respondent is vested with the authority to resolve conflicts in medical evidence and to credit one expert's opinion over that of another (*see Matter of Hayes v DiNapoli*, 74 AD3d 1545, 1546 [2010]; *Matter of Eddie v DiNapoli*, 72 AD3d 1326, 1327 [2010]). Inasmuch as the Retirement System's expert articulated a rational and fact-based opinion after examining petitioner and reviewing his pertinent medical records, respondent's determination is supported by substantial evidence and it will not be disturbed (*see Matter of Neely v DiNapoli*, 71 AD3d 1367, 1369 [2010]; *Matter of Hulse v DiNapoli*, 70 AD3d 1235, 1237 [2010]).

Rose, J.P., Stein, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.