■ In the Matter of RICHARD J. O'KEEFE, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [934 NYS2d 536]—

Peters, J.

Petitioner was employed as a firefighter for the City of Buffalo. While driving a fire truck in February 2007, petitioner hit a pothole, causing him to bounce and hit his head on the roof of the truck. The same event occurred again in March 2007. Petitioner filed applications for accidental and performance of duty disability retirement benefits, citing neck injuries sustained in the February and March 2007 incidents. After petitioner's applications were initially denied, he sought a hearing and redetermination. A Hearing Officer denied petitioner's applications and, upon review, respondent Comptroller upheld that determination. Petitioner thereafter commenced this CPLR article 78 proceeding.

With respect to both applications, petitioner must establish that he is permanently disabled from the performance of his regular job duties (*see Matter of Riguzzi v Hevesi*, 16 AD3d 822, 823 [2005]; *Matter of English v McCall*, 6 AD3d 923, 924 [2004]). Where conflicting medical evidence is presented on this issue, the Comptroller has the authority to credit the opinion of one expert over that of another and its determination will be upheld so long as the opinion of the credited expert is rational, fact-based and founded upon physical examination of the petitioner

and review of the pertinent medical records (*see Matter of Hayes v DiNapoli*, 74 AD3d 1545, 1546-1547 [2010]; *Matter of Freund v Hevesi*, 34 AD3d 950, 950 [2006]; *Matter of English v McCall*, 6 AD3d at 924). In support of his applications, petitioner submitted medical records from his treating physicians indicating that he is totally disabled due to pain. Respondent New York State and Local Retirement System submitted the report of a physician who, after examining petitioner and reviewing his medical records, concluded that petitioner's subjective complaints of pain are not supported by objective findings, that he displayed symptom magnification and that he is not permanently incapacitated from performing his duties as a firefighter. Since this report provides substantial evidence supporting the Comptroller's determination that petitioner is not permanently incapacitated from the performance of his job duties, we need not address petitioner's remaining argument (*see Matter of Rogers v DiNapoli*, 78 AD3d 1472, 1473 [2010]; *Matter of Freund v Hevesi*, 34 AD3d at 951; *Matter of English v McCall*, 6 AD3d at 925).

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.