Matter of DeCarlis v New York State & Local Retirement Sys. (2018 NY Slip Op 01971)





Matter of DeCarlis v New York State & Local Retirement Sys.


2018 NY Slip Op 01971


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

524878

[*1]In the Matter of VALAIDA DeCARLIS, Petitioner,
v
NEW YORK STATE AND LOCAL RETIREMENT SYSTEM et al., Respondents.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Valaida DeCarlis, Rochester, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondents.


McCarthy, J.P.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner's application for disability retirement benefits.
Petitioner, a housing specialist, applied for disability retirement benefits under Retirement and Social Security Law article 15, contending that she was permanently incapacitated from performing her job duties as the result of rheumatoid arthritis, degenerative disc disease and pain. The application initially was denied, and petitioner thereafter requested a hearing and redetermination. Following that hearing, the Hearing
Officer upheld the denial, finding that petitioner failed to meet her burden of demonstrating permanent incapacitation. The Comptroller adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
We confirm. As an applicant seeking disability retirement benefits, petitioner bears the burden of demonstrating that she is permanently incapacitated from the performance of her job duties (see Matter of Federighi v DiNapoli, 151 AD3d 1162, 1163 [2017]; Matter of Aliperti v DiNapoli, 138 AD3d 1378, 1379 [2016]; Matter of Carmody-Kapral v New York State & Local Retirement Sys., 105 AD3d 1212, 1212 [2013]). In this regard, the Comptroller "is vested with the authority to resolve conflicting medical evidence . . . and to credit one expert's opinion over [*2]another, and his determination will be sustained if supported by substantial evidence" (Matter of Aliperti v DiNapoli, 138 AD3d at 1379; see Matter of Loysen v New York State & Local Retirement Sys., 100 AD3d 1168, 1169 [2012]).
At the hearing, claimant testified as to her physical limitations and relied upon documentary evidence to support her claim of permanent incapacitation, including a statement of disability provided by her primary care physician and a disability questionnaire completed by her rheumatologist. The primary care physician's statement, however, indicated that petitioner was disabled "per [her] rheumatologist," and the rheumatologist, in turn, failed to answer certain key questions on the disability questionnaire, including whether petitioner was "permanently disable[d] . . . from performing all the duties of [her] present position." Additionally, reports were received from Louis Nunez, the orthopedic surgeon who conducted an independent medical examination of petitioner, and Allan Smiley, the rheumatologist who performed a disability evaluation of petitioner, both of whom were of the view that petitioner was not permanently incapacitated from the performance of her duties as a result of her degenerative disc disease and/or rheumatoid arthritis. Specifically, Nunez observed that petitioner's range of motion was "subjectively restricted" and that "there was a certain element of symptom embellishment" in her presentation, and Smiley noted "a major discrepancy" in the results of petitioner's straight leg raise test when such assessment was performed in a seated versus supine position. Their resulting opinions, which were each based upon a physical examination of petitioner, consideration of her underlying history and a review of her medical records and job description/duties, constitute substantial evidence to support the Comptroller's finding that petitioner was not permanently incapacitated from performing her duties as a housing specialist (see Matter of O'Keefe v DiNapoli, 89 AD3d 1364, 1365 [2011]; Matter of Rogers v DiNapoli, 78 AD3d 1472, 1473 [2010]; cf. Matter of Loysen v New York State & Local Retirement Sys., 100 AD3d at 1169). Petitioner's remaining arguments have been examined and found to be lacking in merit — including her assertion that the Comptroller improperly based his determination upon the actual duties she performed rather than her stated job description (see 2 NYCRR 364.1; Matter of Dee v DiNapoli, 154 AD3d 1042, 1043 [2017]; Matter of Riguzzi v DiNapoli, 82 AD3d 1484, 1485 [2011]; Matter of O'Halpin v New York State Comptroller, 12 AD3d 771, 772 [2004], lv denied 5 NY3d 702 [2005]).
Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.