Matter of Clarke v Dinapoli (2020 NY Slip Op 05277)





Matter of Clarke v Dinapoli


2020 NY Slip Op 05277


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

531075

[*1]In the Matter of Robert Clarke, Petitioner,
v
Thomas P. Dinapoli, as State Comptroller, Respondent.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Thomas J. Jordan, Albany, for petitioner.
Letitia James, Attorney General, New York City (Frederick A. Brodie of counsel), for respondent.



Egan Jr., J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for performance of duty disability retirement benefits.
Petitioner worked as a correction officer at Greene Correctional Facility. In November 2013, he was attempting to break up a fight between two inmates when he was kicked in the back and right side. Shortly after this incident, he sought medical treatment from his primary care physician, who removed him from work. When he returned in February 2014, he worked a reduced schedule of two days per week. In April 2014, petitioner filed an application for performance of duty disability retirement benefits based on injuries to his lower back, right hip and right knee that he sustained in the November 2013 incident. In November 2014, while his application was pending, he took his regular service retirement after 25 years of service.
Thereafter, petitioner's performance of duty disability retirement application was denied and he requested a hearing and redetermination. Following the hearing, the Hearing Officer concluded, in a detailed written decision, that petitioner did not meet his burden of demonstrating that he was permanently incapacitated from performing his duties as a correction officer and recommended denial of the application.[FN1] Respondent adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.
Initially, it is well settled that an applicant seeking to obtain performance of duty disability retirement benefits bears the burden of demonstrating that he or she is permanently incapacitated from performing his or her job duties (see Matter of Solarino v DiNapoli, 171 AD3d 1434, 1435 [2019]; Matter of Ellrodt v DiNapoli, 169 AD3d 1128, 1128-1129 [2019]). Respondent is vested with the authority to resolve conflicting medical evidence that is presented on this issue and may credit the opinion of one medical expert over another, provided that it is a rational fact-based opinion formed upon a physical examination of the petitioner and a review of pertinent medical records (see Matter of Ellrodt v DiNapoli, 169 AD3d at 1129; Matter of White v DiNapoli, 153 AD3d 1080, 1082 [2017]). Respondent's determination in this regard will not be disturbed if supported by substantial evidence (see Matter of Solarino v DiNapoli, 171 AD3d at 1436; Matter of Keitel v DiNapoli, 154 AD3d 1047, 1048 [2017]).
In denying petitioner's application, respondent relied upon the opinion of Louis Nunez, an orthopedic surgeon who conducted an independent medical examination of petitioner on behalf of the New York State and Local Employees' Retirement System. He reviewed petitioner's medical records, including MRI reports involving petitioner's right knee and lumbar spine, conducted a physical examination of petitioner and was familiar with the job duties of a correction officer. He stated that petitioner complained of lower back pain radiating down the right side of his body, and indicated that petitioner could not walk more than 20 yards or climb stairs, and had difficulty bending. During his examination of petitioner's back, Nunez noted that petitioner exhibited some limitations in the range of motion of his thoracolumbar spine while standing, but had normal reflexes, was able to fully extend his legs while seated, could raise his thighs off the table and had no abnormal sensations in his lower extremities. He related that there was no evidence of fractures, instability, spinal cord impingement, atrophy or spasm.
When asked about the MRI report of petitioner's lumbar spine, Nunez related that petitioner had some degenerative changes and a small left paracentral disc protrusion at L5-S1 that was close to the traversing S1 nerve, but this did not displace the nerve or result in any narrowing of the spinal canal. He further stated that there was a disc protrusion at L4-5 that abutted the L4 nerve root on the right side, but also did not compress the nerve or result in a narrowing of the spinal canal. According to Nunez, the MRI results did not explain the limited range of motion in petitioner's lumbar spine.
With regard to petitioner's right knee, Nunez stated that his examination was normal except for some pain on compression of the patella tendon, which was indicative of patella tendonitis. In addition, he stated that the MRI showed a possible non-displaced tear of the posterior horn of the medial meniscus, but that it could be corrected with surgery. Nunez stated that the MRI also disclosed minimal patella chondromalacia, but that could easily be treated with therapy and injections.
Based on the above, Nunez opined that petitioner was not permanently incapacitated from performing his duties as a correction officer. He explained that the MRI results did not disclose compressions of petitioner's lumbar spine that would impede his range of motion. He noted that petitioner's subjective complaints were not substantiated by objective diagnostic tests. He further stated that petitioner was not a candidate for back surgery and that his knee problems could be corrected with appropriate treatment enabling him to continue to perform his duties as a correction officer.
In our view, Nunez provided a rational fact-based opinion supporting the conclusion that petitioner did not meet his burden of demonstrating that he was permanently incapacitated from performing his duties as a correction officer (see Matter of Bates v New York State & Local Police & Fire Retirement Sys., 120 AD3d 872, 873 [2014]; Matter of Hayes v DiNapoli, 74 AD3d 1545, 1546-1547 [2010]; see also Matter of Kosilla v Hevesi, 25 AD3d 870, 871-872 [2006]). Although two other medical experts provided contrary opinions, respondent was free to weigh the conflicting medical evidence and credit Nunez's opinion over these experts (see Matter of Ellrodt v DiNapoli, 169 AD3d at 1129; Matter of O'Keefe v DiNapoli, 89 AD3d 1364, 1364-1365 [2011]). Notably, the brevity of his independent medical examination does not require that deference be accorded the opinions of the other experts (see Matter of Zuckerberg v New York State Comptroller, 46 AD3d 1057, 1058 [2007], lv denied 10 NY3d 712 [2008]), nor is the opinion of petitioner's treating physician entitled to greater weight (see Matter of Solarino v DiNapoli, 171 AD3d at 1436; Matter of Rolandelli v Hevesi, 27 AD3d 945, 946 [2006]). Thus, given that the determination denying petitioner's application is supported by substantial evidence, we find no reason to disturb it.
Mulvey, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: At the hearing, the New York State and Local Employees' Retirement System conceded that the November 2013 incident constituted an act of an inmate for purposes of qualifying for performance of duty disability retirement benefits.