Matter of Harder v DiNapoli (2023 NY Slip Op 00902)

Matter of Harder v DiNapoli

2023 NY Slip Op 00902

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

534737
[*1]In the Matter of Charles D. Harder, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:January 12, 2023

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and McShan, JJ.

Law Firm of Alex Dell, PLLC, Albany (Nicholas A. Fusco of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for performance of duty disability retirement benefits.
In 2014, petitioner, a police officer, filed an application for performance of duty disability retirement benefits contending that he was permanently disabled as a result of work-related injuries to his shoulders that he suffered in 1996. His application was initially denied. Following a hearing, the Hearing Officer also denied the application finding that, although petitioner had demonstrated that he was permanently incapacitated from performing his job duties, he had failed to meet his burden of establishing that his disabling condition resulted from the 1996 incident. Respondent adopted the Hearing Officer's findings and conclusions, and this CPLR article 78 proceeding ensued.
"In order to be entitled to performance of duty disability retirement benefits, petitioner bore the burden of demonstrating that he was incapacitated from the performance of duty as the natural and proximate result of a disability sustained in service" (Matter of Monachelli v DiNapoli, 84 AD3d 1687, 1688 [3d Dept 2011] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 18 NY3d 802 [2011]; see Matter of Rosario v New York State Comptroller, 178 AD3d 1270, 1270-1271 [3d Dept 2019]). "Respondent is vested with the authority to resolve conflicting medical evidence that is presented on this issue and may credit the opinion of one medical expert over another, provided that it is a rational fact-based opinion formed upon a physical examination of the petitioner and a review of pertinent medical records" (Matter of Clarke v DiNapoli, 187 AD3d 1286, 1287 [3d Dept 2020] [citations omitted]; see Matter of Echevarria v DiNapoli, 170 AD3d 1412, 1413 [3d Dept 2019]). "Ultimately, respondent's determination will be upheld if supported by substantial evidence" (Matter of Keitel v DiNapoli, 154 AD3d 1047, 1048 [3d Dept 2017] [citations omitted]; see Matter of Clarke v DiNapoli, 187 AD3d at 1287).
Petitioner testified that he was injured in 1996 when his patrol car was rear-ended by another vehicle. According to petitioner, he had pain in his neck and both shoulders after the incident, and he had surgery on his left shoulder in 1998.[FN1] Petitioner continued working until 2014, when he had surgery on his right shoulder. He thereafter applied for performance of duty disability retirement benefits, citing a frozen shoulder.
Thomas VanGorder, petitioner's orthopedic surgeon, testified that he performed the surgeries on petitioner's shoulders and has treated him for several years. VanGorder opined that petitioner suffers from severe degenerative osteoarthritis in both shoulders that has progressed to the point where his range of motion is so limited that he is prevented from performing his job duties. VanGorder [*2]further opined that petitioner's disability is a direct result of the trauma he suffered in the 1996 incident. John Cambareri, an orthopedic surgeon who examined petitioner and reviewed his medical records in 2015 on behalf of the New York State and Local Police and Fire Retirement System, similarly opined that petitioner suffers from osteoarthritis of both shoulders. Based upon his examination and review of petitioner's medical records, Cambareri found no evidence of significant structural damage to the shoulders resulting from the 1996 incident and opined that petitioner was not incapacitated from performing his job duties. Cambareri further summarily concluded that the osteoarthritis was not causally-related to any trauma resulting from that incident.
Respondent adopted the Hearing Officer's finding that VanGorder's opinion that petitioner was permanently disabled from performing his job duties was more credible than Cambareri's opinion, in that VanGorder performed the surgeries and has treated petitioner for several years, while Cambareri's report was based solely on a single physical examination and a record review and contained a pertinent factual inaccuracy. Specifically, Cambareri's report stated that petitioner did not complain of shoulder pain after the 1996 incident, which was contradicted by the record. Respondent also adopted the Hearing Officer's determination that petitioner had not demonstrated that his disability was causally-related to the 1996 incident. In reaching this determination, the Hearing Officer cited the length of time between the 1996 incident and petitioner's 2014 retirement, the evidence in the record that petitioner suffered various injuries while working between 1996 and 2014 and the fact that petitioner admitted to participating in a workout regimen involving lifting weights both prior to and in the years following the 1996 incident. While the Hearing Officer did not refer to any medical opinion in finding a lack of causation, Cambareri's report did come to the same conclusion; however, in reaching that conclusion, Cambareri's sole factual basis was that petitioner purportedly did not injure his shoulders in the 1996 incident — the same essential misreading of the record for which Cambareri's opinion was deemed less credible than that of VanGorder.[FN2] As such, there is no fact-based medical opinion supporting the Hearing Officer's finding as to causation (see Matter of Morrisey v New York State & Local Police & Firemen Retirement Sys., 239 AD2d 635, 636 [3d Dept 1997]; cf. Matter of Angelino v New York State Comptroller, 176 AD3d 1376, 1381 [3d Dept 2019]; compare Matter of Kossifos v DiNapoli, 92 AD3d 1073, 1074 [3d Dept 2012]). In contrast, the record contains medical evidence, in the form of VanGorder's reports and testimony, establishing that petitioner is permanently incapacitated due to the injuries sustained in the 1996 incident. Accordingly, we find that the portion of respondent's determination finding that [*3]petitioner had not demonstrated that his disability resulted from the injuries suffered in the 1996 incident is not supported by substantial evidence and, thus, that portion must be annulled and the matter remitted for further proceedings (see Matter of Rawson v DiNapoli, 150 AD3d 1606, 1607-1608 [3d Dept 2017]).
Egan Jr., Lynch, Pritzker and McShan, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as determined that petitioner's permanent disability was not the result of the 1996 incident; petition granted to that extent; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.

Footnotes

Footnote 1: Petitioner further testified that he had no symptoms in these areas prior to the 1996 incident.

Footnote 2: Cambareri also alluded to petitioner's weightlifting history and asserted that "it is well known that weightlifters develop glenohumeral degenerative joint disease," a general and conclusory statement that is insufficient to support respondent's determination under a substantial evidence standard (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; Matter of Stewart v New York State & Local Employees' Retirement Sys., 27 AD3d 975, 976 [3d Dept 2006] [Lahtinen, J., dissenting], lv denied 7 NY3d 718 [2006]; Matter of Leon v Newman, 23 AD3d 882, 884 [3d Dept 2005]). Cambareri did not reference the Hearing Officer's other stated bases for finding a lack of causation.