■ In the Matter of A. KENNETH DURKEE, Petitioner, v RICHARD J. STASZAK, as Commissioner of the Schenectady County Department of Social Services, et al., Respondents. [636 NYS2d 880] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, inter alia, review a determination of respondent Commissioner of Social Services which sustained a determination of respondent Schenectady County Commissioner of Social Services referring petitioner to the Schenectady City Mission or the YMCA for emergency housing.

At all times relevant to this proceeding, petitioner was a recipient of benefits under the Home Relief program (see, 18 NYCRR part 370). For the purpose of our analysis, we shall also accept the claim that petitioner was disabled and unable to work due to mental problems resulting from injuries sustained in a 1990 automobile accident. It is undisputed that, around February 1, 1994, petitioner was required to vacate his apartment in the City of Schenectady, Schenectady County, because burst pipes caused a complete failure of the heating and water systems to the premises. As a result, petitioner requested that the Schenectady County Department of Social Services (hereinafter SCDSS) provide emergency housing for him and his dog. SCDSS acceded to the request to the extent of offering to refer petitioner to the Schenectady City Mission or YMCA, neither of which would have permitted petitioner to bring his dog. However, SCDSS was unwilling to accommodate petitioner at a local motel, at a cost of approximately $440 per

month, which would permit petitioner's dog to stay with him. Petitioner sought review of SCDSS' determination at a fair hearing before the State Department of Social Services (hereinafter NYSDSS). At the conclusion of the hearing, respondent State Commissioner of Social Services (hereinafter the Commissioner) determined that SCDSS' decision to refer petitioner to the YMCA or City Mission was correct.

Petitioner then commenced this CPLR article 78 proceeding (transferred to this Court pursuant to CPLR 7804 [g]) seeking, *inter alia*, to review the Commissioner's adverse determination. The petition and every claim asserted therein is founded upon the premise that petitioner was so psychologically and emotionally dependent on his dog that any separation of the two would unreasonably disrupt his life. As such, the theory develops, in refusing to provide petitioner with temporary emergency housing that would accommodate his dog, respondents failed to comply with their constitutional obligation to aid, care and support the needy (NY Const, art XVII, § 1), did not fulfill their statutory and regulatory duty to provide "temporary housing which is least likely to cause disruption in the life of the client" (NYSDSS Administrative Directive 83-ADM-47; *see*, Social Services Law § 131; 18 NYCRR 370.3, 352.3 [e], [f]) and, in fact, discriminated against petitioner by denying him temporary emergency shelter because of his disability, in violation of NYSDSS regulations (18 NYCRR 303.1 [a], [b]), section 504 of the Rehabilitation Act of 1973 (29 USC § 794) and the Americans with Disability Act of 1990 (42 USC § 12132).

In our view, there was substantial evidence in the record to support the Commissioner's rejection of petitioner's central claim of emotional dependence upon his dog. We first note that petitioner's hearing testimony primarily focused on his concern that no one else could properly care for or control the animal, an issue that was adequately addressed by SCDSS' arrangements to have the dog kept in a kennel without charge to petitioner. In fact, petitioner gave no notice of the claims advanced on this proceeding until the time of his counsel's closing statement at the fair hearing. Further, although petitioner did obtain a letter from a physician stating that "[a] forced separation of [petitioner] from his dog for even a short period will adversely affect his mental health and result in a deterioration of his emotional condition", the complete absence of objective medical findings to support this conclusory opinion justified its rejection (*see, Matter of De Poalo v County of Schenectady*, 200 AD2d 277, 279, *affd* 85 NY2d 527).

In view of the foregoing determination, the parties' remaining contentions have been rendered academic.

Cardona, P. J., White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.