■ In the Matter of PAUL N. VASSELLO, Petitioner, v H. CARL MCCALL, as Comptroller of the State of New York, Respondent. [745 NYS2d 613] —Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of

respondent which denied petitioner's applications for performance of duty and ordinary disability retirement benefits.

Petitioner, a firefighter, allegedly sustained certain injuries when he fell while descending a pumper truck in August 1998. In March 1999, petitioner filed an application for performance of duty disability retirement benefits and, one month later, his employer filed an application for ordinary disability retirement benefits on his behalf. Following the denial of both applications, petitioner requested a hearing. At the conclusion thereof, the hearing officer upheld the denial of the respective applications, finding that petitioner was not permanently incapacitated from the performance of his duties as a firefighter. Respondent thereafter issued a determination adopting the hearing officer's findings and conclusions, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge respondent's determination.

As a starting point, we reject petitioner's assertion that respondent's determination, which incorporated the findings and conclusions made by the hearing officer, was so lacking in evidentiary detail as to permit intelligent review. Although the hearing officer's decision perhaps could have been written with greater clarity, it is apparent that the Hearing Officer indeed considered the competing medical opinions offered by the experts testifying on behalf of petitioner and the New York State and Local Retirement System and resolved such conflict in favor of the Retirement System (*compare, Matter of Palmer v McCall*, 288 AD2d 680). Respondent, in adopting the hearing officer's findings in this regard, was free to credit the testimony of one expert over that of another (*see, Matter of Meegan v New York State Retirement Sys.*, 285 AD2d 892, 894), and as the testimony offered by the Retirement System's expert constitutes substantial evidence to support respondent's determination, it will not be disturbed. Petitioner's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.