Spain, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for performance of duty disability retirement benefits.
Petitioner was employed as a police officer for the City of Rye in Westchester County. On August 10,1991, he injured his lower back when he slipped and fell on wet grass during a pursuit of three youths. On November 16, 1992, while assigned to a local elementary school to provide drug awareness resistance education, petitioner injured his back again when he bent over to retrieve a tube containing posters. In March 1998, he applied for performance of duty disability retirement benefits with respect to both incidents. Following the initial denial of his application, petitioner requested a hearing and a redetermination. At the conclusion of the hearing, the Hearing Officer denied the application, finding that petitioner failed to satisfy his burden of proving that his permanent back injury was related to the 1991 or 1992 incidents. Respondent accepted the Hearing Officer’s findings and this CPLR article 78 proceeding ensued.
We confirm. Both medical experts in this case agreed that petitioner suffers from a permanent disability related to his *687 back which prevents him from performing the duties of a police officer. They provided conflicting testimony, however, on whether petitioner’s back condition is causally related to the incidents of 1991 and 1992. Jack Stern, the neurosurgeon who performed lumbar fusion surgery on petitioner in June 1997, testified that the incidents in question resulted in petitioner’s permanent disability but, later in his testimony, he declined to render an opinion regarding the proximate cause of the disability. Mary Godesky, the orthopedic surgeon for the New York State and Local Police and Fire Retirement System, opined that petitioner’s disability was not causally related to the incidents in question. She based her opinion on the fact that an MRI done in 1993 disclosed only a not uncommon small disc herniation at L4/5, while studies done subsequent to 1997 evidenced problems below that level, at L5/S1, and that surgery was undertaken to alleviate these symptoms. Godesky further stated that petitioner’s disability was attributable to degenerative changes in his spine and not these incidents or necessarily due to trauma. Respondent is vested with the authority to weigh conflicting medical evidence and to credit the opinion of Godesky over that of Stern (see Matter of Maida v McCall, 305 AD2d 929, 930 [2003], lv denied 100 NY2d 511 [2003]; Matter of Decker v McCall, 305 AD2d 782, 783 [2003], lv denied 100 NY2d 512 [2003]) and, since substantial evidence supports respondent’s determination, we decline to disturb it.
Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.