■ In the Matter of TIMOTHY COLLINS, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent. [772 NYS2d 622]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Fourth Department) to review a determination of the Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

In January 1992, petitioner was hired by the Department of Environmental Conservation as an environmental conservation officer trainee. On April 29, 1992, while participating in a training exercise, he sustained a tear in the medial meniscus and anterior cruciate ligament of his left knee. Following knee surgery in December 1992, petitioner was placed on light duty. He was removed from the trainee position in July 1994 and placed in an administrative position after he was unable to take the physical agility test. When funding for the administrative position ended, he was terminated. In September 1995, peti-

tioner applied for performance of duty disability retirement benefits. Following the denial of his application, he requested a hearing. Ultimately, the Hearing Officer denied the application, determining that petitioner was not permanently incapacitated from the performance of the duties of an environmental conservation officer. The Comptroller accepted the Hearing Officer's findings, resulting in this CPLR article 78 proceeding.

The record contains substantial evidence supporting the Comptroller's determination, based upon credible medical evidence, that petitioner was not permanently incapacitated from performing his job-related duties. Despite petitioner's contention to the contrary, respondent's medical expert provided "an articulated, rational and fact-based medical opinion" derived from his own examination of petitioner as well as his review of relevant medical records (*Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]; *see Matter of Van Hasselt v New York State & Local Police & Fire Retirement Sys.*, 299 AD2d 687, 688 [2002]). While it is true that the medical expert who testified for petitioner opined that he was permanently disabled from performing the duties of his position, the Comptroller is vested with the authority to weigh the conflicting opinions of medical experts and to credit the opinion of one expert over that of another (*see Matter of Flynn v McCall*, 1 AD3d 686, 686-687 [2003]; *Matter of Loftus v McCall*, 309 AD2d 1136 [2003]; *Matter of Decker v McCall*, 305 AD2d 782, 783 [2003], *lv denied* 100 NY2d 512 [2003]). Under the circumstances, we find no reason to disturb the Comptroller's determination.

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.