■ In the Matter of RODNEY P. STEWART, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [811 NYS2d 217]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, applied for performance of duty disability retirement benefits after he sustained physical injuries to his neck, back and shoulder as a result of incidents occurring in 1994, 1998 and 1999. His application was initially denied on the ground that his disability was not the natural and proximate result of an incident occurring while he was in service. Following a hearing, a hearing officer upheld the denial based upon a lack of causal relationship between his conceded disability and work duties. Respondent Comptroller accepted this finding. Petitioner then commenced this CPLR article 78 proceeding challenging this determination.

It is axiomatic that the Comptroller has the authority to weigh contradictory medical evidence and to resolve conflicting medical opinions on causality (*see Matter of Collins v New York State & Local Retirement Sys.,* 5 AD3d 817, 818 [2004]; *Matter of Flynn v McCall,* 1 AD3d 686, 687 [2003]). Here, the report of the Comptroller's examining physician specifically recites that he was aware of all three work-related injuries suffered by petitioner. He notes in his report that petitioner's then "present complaints" consisted of stiffness in his neck (arising out of the 1994 work injury), pain in his lower back (arising out of the

1998 work injury) and limitation of motion of his left shoulder (arising out of the 1999 work injury). His report also acknowledges that, in addition to a lumbar laminectomy necessitated by the 1998 back injury, petitioner underwent a cervical laminectomy to address the 1994 neck injury and an arthroscopic repair for the 1999 shoulder injury. Further, he reports having examined and independently evaluated petitioner's cervical spine, lumbar spine and left shoulder. This physician also recites his review of numerous operative reports, medical records, neurosurgical evaluations and diagnostic studies, including MRIs, X rays and CT scans, relating to petitioner's three separate surgical repairs.

With full knowledge of the nature of petitioner's complaints relating to all three of his injuries, after physically examining petitioner with respect to each of these separate complaints and after reviewing all of the medical records relating to his three surgical procedures, this physician nonetheless opined that petitioner's disability was not causally related to his work duties but rather was "due to a combination of the natural progression of the degenerative spondylosis involving both his cervical and lumbar spine as well as to his rheumatoid arthritis and myositis conditions." His report is "an articulated, rational and fact-based medical opinion" (*Matter of Harper v McCall,* 277 AD2d 589, 590 [2000]) which constitutes substantial evidence sufficient to support the Comptroller's determination, notwithstanding the existence of evidence supporting a contrary conclusion (*see Matter of English v McCall,* 6 AD3d 923, 924 [2004]).

Cardona, P.J., Spain and Mugglin, JJ., concur.

Lahtinen, J. (dissenting). I respectfully dissent. Respondent Comptroller clearly can weigh and choose between conflicting medical opinions that are each premised upon substantial evidence (*see Matter of Collins v New York State & Local Retirement Sys.,* 5 AD3d 817, 818 [2004]; *Matter of Flynn v McCall,* 1 AD3d 686, 687 [2003]). And, we apply a deferential standard on appellate review when the Comptroller has made a choice among conflicting medical evidence, upholding his "determination if supported by credible evidence 'in the form of an articulated, rational, and fact-based medical opinion' " (*Matter of Hoehn v Hevesi,* 14 AD3d 761, 762 [2005], *lv denied* 4 NY3d 708 [2005], quoting *Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 90 NY2d 139, 148 [1997]). However, a conclusory opinion neither satisfies this standard nor does it constitute substantial evidence (*see generally Matter of Leon v Newman,* 23 AD3d 882, 884 [2005]; *Matter of Nextel Partners v Town of Fort Ann,* 1 AD3d 89, 95 [2003], *lv denied* 1

NY3d 507 [2004]; *Matter of Durkee v Staszak,* 223 AD2d 984, 985 [1996]; *Matter of Mobley v Perales,* 108 AD2d 690, 690-691 [1985]).

Here, all the relevant evidence was provided by the medical records submitted by the parties and included evidence from petitioner's physicians establishing a causal relationship. The examining physician's report of respondent New York State and Local Employees' Retirement System included the conclusory opinions that petitioner's "disability cannot be considered to be causally related to the incident date of 6/12/98 or to the duties required of his particular occupation," and that petitioner's disability was due to a combination of the natural progressing of his degenerative spondylosis, rheumatoid arthritis and myositis conditions. Missing from the report is any fact-based medical opinion from the Retirement System's doctor as to why any of the three incidents involved were not causally related to petitioner's disability or whether any of the incidents aggravated a preexisting dormant disease causing a disability that did not previously exist (*see e.g. Matter of Leo v Regan,* 115 AD2d 104, 105 [1985]). While the majority correctly notes that the report recited that the Retirement System's expert had received and reviewed records relating to the three accidents at issue, mere recital of a review of records with no relevant discussion in the face of an articulated contrary opinion is insufficient. In short, there is nothing set forth in the report of the Retirement System's expert to support the conclusory statement that petitioner's disability is unrelated to his on-the-job accidents, and I would find that the report fails to satisfy the substantial evidence standard (*see Matter of Thomas v Regan,* 125 AD2d 125, 127 [1987]; *see also Matter of Tobin v Steisel,* 64 NY2d 254 [1985]; *Matter of Sanchez v New York State & Local Police & Fire Retirement Sys.,* 208 AD2d 1027, 1028 [1994]). I would therefore annul the determination and remit the matter to the Comptroller.

Adjudged that the determination is confirmed, without costs, and petition dismissed.