■ In the Matter of GARY R. DE FILIPPO, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [820 NYS2d 181]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a court officer, applied for accidental disability retirement benefits for injuries that he sustained to his knees and back during three separate incidents wherein he was called upon to control unruly people in the courthouse. That application ultimately was denied by respondent on the basis that, among other things, petitioner was not permanently incapacitated from working. Petitioner thereafter commenced this CPLR article 78 proceeding challenging respondent's determination.

Substantial evidence in the record supports respondent's determination that petitioner was not permanently incapacitated from his employment (*see Matter of English v McCall*, 6 AD3d 923, 924-925 [2004]). Leon Sultan, a board-certified orthopedic surgeon who twice examined petitioner and reviewed his medi-

cal history at the request of the New York State and Local Retirement System, opined that petitioner was not permanently incapacitated from performing his duties as a court officer. Sultan testified that petitioner was "orthopedically stable and neurologically intact" with regard to his knees and back. Specifically, Sultan testified that aside from voluntary resistance from petitioner, he did not note any objective evidence of ongoing orthopedic impairment or functional limitation. To the extent that petitioner's orthopedic expert offered a contrary opinion, respondent was " 'vested with the authority to weigh the conflicting opinions of medical experts and to credit the opinion of one expert over that of another' " (*Matter of Hoehn v Hevesi,* 14 AD3d 761, 762 [2005], *lv denied* 4 NY3d 708 [2005], quoting *Matter of Collins v New York State & Local Retirement Sys.,* 5 AD3d 817, 818 [2004]). Petitioner's remaining arguments, including whether one of the three underlying incidents constitutes an accident within the meaning of the Retirement and Social Security Law, are either without merit or have been rendered academic in view of our disposition herein.

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.