■ In the Matter of GENE SCHEURING, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [822 NYS2d 166]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer with the Suffolk County Police Department, was riding a motorcycle on September 18, 2001 as part of a funeral procession for a firefighter who had been killed in the September 11, 2001 terrorist attacks on the World Trade Center in New York City. During the procession, an automobile struck his motorcycle causing him to fall to the ground and sustain injuries to his left ankle, foot and arm, right leg and back. He did not return to work and filed an application for accidental disability retirement benefits. Following the initial denial of the application, a hearing was conducted during which medical proof was presented concerning the extent of petitioner's injuries. At the conclusion of the hearing, the Hearing Officer denied the application upon the ground that petitioner was not permanently incapacitated from performing his job duties. Respondent Comptroller upheld this determination, resulting in this CPLR article 78 proceeding.

Preliminarily, we note that "[i]n order for a police officer to

receive accidental . . . disability retirement benefits, he or she must be permanently incapacitated from performing his or her regular job duties" (*Matter of Liber v McCall*, 6 AD3d 950, 950 [2004]; *see Matter of Riguzzi v Hevesi*, 16 AD3d 822, 823 [2005]). Conflicting medical evidence on this issue was presented at the hearing. Petitioner's treating physician diagnosed him with a fractured left ankle and a bulging disk in his lower back. Based upon his treatment of petitioner and his performance of physical tests revealing limitations in petitioner's mobility and strength due to pain in petitioner's back and ankle, he opined that petitioner was permanently disabled from performing his duties as a police officer. The orthopedist who examined petitioner on behalf of respondent New York State Employees' Retirement System diagnosed petitioner with a left ankle fracture, a bulging lumbar disc and spondylosis of the thoracic spine. He did not, however, find any significant abnormalities in petitioner's left foot or ankle or in petitioner's lower back. Based upon his physical examination, as well as his review of the medical records and petitioner's job description, the orthopedist concluded that petitioner was not permanently incapacitated from performing his duties as a police officer.

Contrary to petitioner's suggestion, the testimony of his treating physician was not entitled to greater weight than that of the orthopedist (*see Matter of Rolandelli v Hevesi*, 27 AD3d 945, 946 [2006]). Rather, it was within the province of the Comptroller to weigh the conflicting testimony and to credit the "articulated, rational and fact-based medical opinion" provided by the orthopedist (*Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]; *see Matter of Gabrielsen v McCall*, 285 AD2d 895 [2001]; *see also Matter of Fragetti v New York State Policemen's & Firemen's Retirement Sys.*, 139 AD2d 867 [1988]). Lastly, we note that petitioner's treating physician offered no opinion that petitioner was disabled from operating a motorcycle and, therefore, petitioner did not meet his burden of proof on this subissue. As a consequence, the inability of the Retirement System's examining physician to express an opinion on this subject is immaterial. Moreover, petitioner's job entailed many other duties.

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.