■ In the Matter of WILLIAM S. TERRY, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [835 NYS2d 484]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police office with the Nassau County Police Department, injured his knees and wrists while on duty when his patrol car was hit from the side by a car which had gone through a red light. Petitioner's application for accidental disability retirement benefits was initially denied, and he requested a hearing and redetermination. The Hearing Officer denied the application and respondent Comptroller adopted the Hearing Officer's findings. Petitioner then initiated this CPLR article 78 proceeding.

We confirm. To receive accidental disability retirement benefits, a petitioner has the burden to establish that he or she is permanently incapacitated from performing his or her regular job duties (*see Matter of Scheuring v New York State Comptroller*, 32 AD3d 1127 [2006]). Further, the Comptroller has the

authority to resolve conflicts in medical testimony, "so long as the credited expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records" (*Matter of Kosilla v Hevesi*, 25 AD3d 870, 871 [2006], quoting *Matter of Regan v New York State & Local Employees' Retirement Sys.*, 14 AD3d 927, 928 [2005], *lv denied* 4 NY3d 709 [2005]).

The orthopedist who testified on behalf of the New York State and Local Retirement System, after a physical examination of petitioner and review of his medical records, found that petitioner was not permanently disabled from the performance of his duties as a police officer. While petitioner presented medical evidence of disability, none established whether any such disability was permanent. It is apparent from a review of the Hearing Officer's decision that he considered all the medical evidence and resolved any conflicts in favor of the Retirement System (*see Matter of Vassello v McCall*, 296 AD2d 815, 816 [2002]). We conclude that the determination is supported by substantial evidence in the record (*see Matter of De Filippo v Hevesi*, 32 AD3d 652 [2006]; *Matter of Scheuring v New York State Comptroller, supra*), and must therefore be confirmed.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.