In the Matter of GERARD AMEDIO, Petitioner, v ALAN HEVESI, as Comptroller of the State of New York, Respondent. [845 NYS2d 529]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

In September 2002, petitioner, a former police officer, submitted an application to the New York State and Local Police and Fire Retirement System for accidental disability retirement benefits. Petitioner claimed permanent disability as a result of a lower back injury sustained in February 2002, when he slipped and fell on icy pavement as he arrived at the scene of a burglary. The Retirement System disapproved the application and, following hearings, the Hearing Officer concluded that petitioner failed to meet his burden of proving permanent incapacity. Respondent subsequently issued a final decision denying the application, prompting the commencement of this CPLR article 78 proceeding.

To receive accidental disability retirement benefits, petitioner was required to demonstrate, among other things, his permanent incapacity from " 'performing his . . . regular job duties' " (*Matter of Scheuring v New York State Comptroller*, 32 AD3d 1127, 1127-1128 [2006], quoting *Matter of Liber v McCall*, 6 AD3d 950, 950 [2004]; *see Matter of Terry v New York State Comptroller*, 39 AD3d 1116, 1116 [2007]). Where, as here, the evidence from the medical experts is conflicting, respondent has "the authority to resolve [such] conflicts . . . and to credit one expert's opinion over that of another, so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (*Matter of Freund v Hevesi*, 34 AD3d 950, 950 [2006]; *see Matter of Clorofilla v Hevesi*, 38 AD3d 1126, 1126 [2007]).

Here, while petitioner's physician, Daniel Hubicki, testified that he was permanently and totally disabled from his job duties as a police officer, the Retirement System's expert witness, orthopedic surgeon Louis Benton, opined that, as a result of his examination of petitioner in March 2004, and the relevant medical records, including a 2002 MRI, he found no "objective correlation" between that proof and petitioner's subjective complaints of pain. While Benton agreed with Hubicki that petitioner suffered from disc degeneration and arthritis, he indicated that the disc bulges and annular tears shown on an MRI taken in 2002 were "consistent with a man of age forty-five" and that his injury was not "traumatic in origin." More-

over, although Benton acknowledged that an MRI performed *after* his examination of petitioner revealed a "subtle" change since that time, namely the "minimal to mild" increase in the bulging of petitioner's right disc so that it protruded onto petitioner's thecal sac, he indicated that this did not establish that petitioner was totally disabled.

Notably, in this proceeding, this Court is limited to deciding whether there is substantial evidence for the underlying determination and, in doing so, we do not substitute our judgment for that of respondent (*see Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792, 795 [1995]). Thus, regardless of the existence of evidence in the record that could support a contrary result (*see Matter of Occhipinti v Mc-Call*, 305 AD2d 924, 925 [2003]), inasmuch as respondent's final determination herein that petitioner was not permanently incapacitated at the time of his application for benefits was supported by substantial evidence, we find no basis to disturb it (*see Matter of Garceau-Scopelitis v New York State Comptroller*, 24 AD3d 934, 935 [2005]; *Matter of Van Houten v Hevesi*, 20 AD3d 643, 644 [2005], *lv denied* 6 NY3d 703 [2005]).

The remaining arguments advanced by petitioner are either lacking in merit or not properly before us.

Mercure, Crew III, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.