■ In the Matter of RICHARD WILSON, Petitioner, v NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM, Respondent. [861 NYS2d 206]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

In 1994, petitioner, a police captain for the City of Yonkers in Westchester County, fell on icy stairs at the city jail, alleging injuries to his head and right leg. Petitioner returned to work seven months later and, in October 1998, was involved in an automobile accident while driving a police department vehicle, alleging injuries to his head, neck and back. Petitioner resumed his normal duties 10 days later and continued working at his position until he retired in August 1999. In September 1999, petitioner applied for accidental disability retirement benefits, alleging that he was permanently disabled as the result of his two accidents. The Comptroller disapproved the application and, following hearings, the Hearing Officer concluded that petitioner failed to meet his burden of establishing permanent disability. The Comptroller made a supplemental finding of fact,

---

but upheld the Hearing Officer's decision, prompting this CPLR article 78 proceeding.

In order to be eligible to receive disability retirement benefits, a petitioner must demonstrate, among other things, that he or she is " 'permanently incapacitated from performing his or her regular job duties' " (*Matter of Scheuring v New York State Comptroller*, 32 AD3d 1127, 1128 [2006], quoting *Matter of Liber v McCall*, 6 AD3d 950, 950 [2004]; *see Matter of Terry v New York State Comptroller*, 39 AD3d 1116, 1116 [2007]). Moreover, where, as here, the evidence provided by medical experts is conflicting, the Comptroller has "the authority to resolve conflicts in the medical evidence and to credit one expert's opinion over that of another, so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (*Matter of Freund v Hevesi*, 34 AD3d 950, 950 [2006]; *see Matter of Clorofilla v Hevesi*, 38 AD3d 1126, 1126-1127 [2007]).

Here, petitioner's treating physician, Gerald Klingon, testified that petitioner was permanently disabled from his duties as police captain due to persistent cervical radiculopathy and bilateral lumbar radiculopathy, due to herniated disks at the cervical and lumbar levels. Klingon opined that the herniated disks were the result of petitioner's 1994 fall and his condition worsened after his 1998 accident. Petitioner also relied on the report of orthopedic surgeon Mary Godesky, who examined petitioner at respondent's request. Godesky, who did not testify, stated in her report that, based on her physical examination of petitioner in 2000 and a review of his medical records, in her opinion he was permanently disabled and unable to perform the duties of a police captain.

Respondent's witness, orthopedic surgeon Leon Sultan, testified that when he examined petitioner in 2001, petitioner's only complaint was that his back "would hurt him on and off." Based on his examination and a review of the relevant medical records, including the CT scans of petitioner's neck, spine and lumbar region, Sultan found petitioner to be "orthopedically stable and neurologically intact." Sultan testified that he found no indications of herniated disks and no orthopedic impairments that would interfere with petitioner's work activities as a police captain. Notably, the radiologist who performed the CT scans in 1994 also apparently found no indication of herniated disks. While Sultan observed some degenerative changes to petitioner in the CT scans, he opined that these changes were "commonly seen in middle-aged individuals."

In these matters, we are limited to deciding whether the

Comptroller's determination is supported by substantial evidence and, despite evidence to the contrary, we do not substitute our judgment for that of the Comptroller (*see Matter of Amedio v Hevesi*, 45 AD3d 1004, 1006 [2007], *lv dismissed* 10 NY3d 744 [2008]; *Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792, 795 [1995]). According the Comptroller due deference in his credibility resolutions, we find that substantial evidence supports the determination denying petitioner's application for accidental disability retirement benefits.

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.