█ In the Matter of MICHAEL D. STERN, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [868 NYS2d 407]—

Spain, J.

Petitioner, a police lieutenant employed by the City of Yonkers Police Department in Westchester County, retired in February 2003. In November 2003, petitioner applied for accidental disability retirement benefits alleging that he was permanently disabled as the result of five accidents that occurred between 1992 and 1999, including, among other things, two slip and falls and one minor car accident.* Following disapproval of his application, petitioner sought a hearing and redetermination, at the conclusion of which a Hearing Officer found that petitioner

---

* Although petitioner's application was also premised upon a sixth occurrence in November 2004, petitioner subsequently conceded that this occurrence was an incident and not an accident within the meaning of Retirement and Social Security Law § 363.

failed to establish that he was permanently incapacitated from the performance of his duties. Respondent made a supplemental finding of fact and otherwise accepted the Hearing Officer's findings and conclusions, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination.

To be eligible to receive disability retirement benefits, a petitioner must demonstrate, among other things, that he or she is " 'permanently incapacitated from performing his or her regular job duties' " (*Matter of Scheuring v New York State Comptroller*, 32 AD3d 1127, 1128 [2006], quoting *Matter of Liber v McCall*, 6 AD3d 950, 950 [2004]; *accord Matter of Wilson v New York State & Local Police & Fire Retirement Sys.*, 53 AD3d 762, 763 [2008]). Further, where the evidence provided by medical experts is conflicting, respondent has " 'the authority to . . . credit one expert's opinion over that of another, so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records' " (*Matter of Wilson v New York State & Local Police & Fire Retirement Sys.*, 53 AD3d at 763, quoting *Matter of Freund v Hevesi*, 34 AD3d 950, 950 [2006]).

Here, petitioner presented the records of his several treating physicians, including neurologist Michael Weintraub, who opined that petitioner suffered from cervical radiculitis and, consequently, was permanently incapacitated from performing his duties as a police lieutenant. Additionally, orthopedic surgeons William Unis and Norman Heyman found that petitioner was permanently incapacitated as the result of disc herniations and prominent spinal cord compression. Petitioner also relied on the report of neurologist Steven Schwartz, who performed an examination at the request of the New York State and Local Retirement System and found that, while petitioner could perform the administrative duties of a police lieutenant, he was permanently incapacitated from performing other duties such as making arrests.

The Retirement System's witness, neurologist Christopher Calder, testified that when he examined petitioner in December 2004, he found that petitioner suffered from degenerative disc disease but had no signs of radicular abnormality. Calder further testified that he found no evidence of spinal cord compression. Rather, insofar as petitioner was able to alleviate his back pain by "taking Advil sometimes," Calder concluded that petitioner was overstating his symptoms. Based on his examination and a review of the relevant medical records, Calder opined that petitioner was not permanently incapacitated from

performing his duties as a police lieutenant. This conclusion was bolstered by petitioner, who testified that, in the year prior to his retirement, he did not take any extended sick leave and worked 480 hours of overtime.

In these matters, we are limited to deciding whether the respondent's determination is supported by substantial evidence and, despite evidence to the contrary, we do not substitute our judgment for that of respondent (*see Matter of Wilson v New York State & Local Police & Fire Retirement Sys.*, 53 AD3d at 763-764; *Matter of Amedio v Hevesi*, 45 AD3d 1004, 1006 [2007], *appeal dismissed* 10 NY3d 744 [2008]). According respondent due deference in his credibility resolutions, we find that substantial evidence supports the determination denying petitioner's application for accidental disability retirement benefits.

Mercure, J.P., Carpinello, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.