■ In the Matter of JAMES TRACY, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [871 NYS2d 463]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for disability retirement benefits.

In May 2002, petitioner applied for disability retirement benefits, claiming that he was permanently disabled due to posttraumatic stress disorder. Following disapproval of the application by respondent, petitioner requested a hearing and redetermination, at the conclusion of which the Hearing Officer found that petitioner had failed to establish that he was permanently incapacitated from the performance of his duties. The Comptroller adopted that decision with a supplemental finding of fact, prompting this CPLR article 78 proceeding.

We confirm. "An applicant for disability retirement benefits bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (*Matter of Swack v Hevesi*, 30 AD3d 853, 854 [2006] [citations omitted]). To that end, petitioner submitted the medical records from four of his treating psychiatrists and his primary care physician, but did not call any of the medical experts as live witnesses at the hearing. All of these medical experts diagnosed petitioner as suffering from posttraumatic stress disorder stemming from his military service during the Vietnam War. Based on this diagnosis, petitioner's primary care physician and one of his treating psychiatrists opined that petitioner was permanently incapacitated from performing his job duties or unemployable, while the other experts did not record an opinion as to permanency.

Ronald Wolner, a board-certified psychiatrist who examined petitioner and testified on behalf of respondent, concurred with the posttraumatic stress disorder diagnosis but testified that this condition is rarely permanently disabling, especially in cases such as this where the alleged disability occurs so many years after the triggering event. Wolner also diagnosed petitioner as suffering from alcohol dependency, which he opined could be as responsible for petitioner's difficulties in functioning as the posttraumatic stress disorder, and made treatment for posttraumatic stress disorder extremely difficult. Wolner concluded, based upon his review of the medical records and his examination of petitioner, that petitioner's diagnosed psychiatric conditions did not render him permanently disabled.

The Comptroller is vested with "the authority to resolve conflicts in the medical evidence and to credit one expert's

opinion over that of another, so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (*Matter of Freund v Hevesi*, 34 AD3d 950, 950 [2006]; *see Matter of Sweeney v Hevesi*, 50 AD3d 1366, 1367 [2008]). Accordingly, as the Comptroller's determination that petitioner did not establish permanent incapacity from performing his job duties is supported by substantial evidence, it must be upheld, despite evidence in the record that might support a contrary result (*see Matter of Amedio v Hevesi*, 45 AD3d 1004, 1006 [2007], *appeal dismissed* 10 NY3d 744 [2008]; *Matter of Davidson v Hevesi*, 43 AD3d 589, 589 [2007]).

Peters, J.P., Spain, Rose, Kane and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.