■ In the Matter of WILLIAM T. MATTHEWS, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [871 NYS2d 508]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental disability and performance of duty disability retirement benefits.

Petitioner, a firefighter, applied for both accidental disability and performance of duty disability retirement benefits alleging that he was permanently incapacitated from performing his job duties due to work-related injuries to his shoulder, back and hip sustained as the result of three incidents occurring in 1981, 2002 and 2003. Those applications were initially disapproved resulting in petitioner requesting a hearing and redetermination. Following a hearing, the Hearing Officer found that petitioner failed to establish that his permanent incapacity was the natural and proximate result of his employment. Respondent Comptroller adopted that determination with supplemental findings of fact, prompting this CPLR article 78 proceeding.

We confirm. Where, as here, conflicting medical evidence is presented, the Comptroller is vested with the authority to credit one expert's opinion over another provided that "the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (*Matter of Amedio v Hevesi*, 45 AD3d 1004, 1005 [2007], *lv dismissed* 10 NY3d 744 [2008]; *see Matter of Macri v DiNapoli*, 56 AD3d 936, 937 [2008]). In support of his applications, petitioner submitted, among other things, the medical report from his treating physician who opined that petitioner was permanently incapacitated due to degenerative changes causally related to the cumulative work-related injuries suffered over the years. Respondent New York State and Local Employees' Retirement System presented testimony from its expert, orthopedic surgeon Leon Sultan, who examined petitioner and agreed that petitioner was permanently disabled from the performance of his duties. However, based upon Sultan's examination of petitioner and review of relevant medical records, including a history of petitioner's injuries and conclusions reached by other examining physicians, Sultan opined that petitioner's disability was caused by natural degenerative changes, including arthritis and disc herniation, which were not traumatically induced but developed over time and are common in individuals of petitioner's age.

Inasmuch as Sultan presented a rational and fact-based medical opinion, we find that the Comptroller's determination that petitioner's permanent incapacity was not causally related to his employment is supported by substantial evidence and it will not be disturbed (*see Matter of Mazzei v Hevesi*, 45 AD3d 1103, 1104 [2007]; *Matter of Stewart v New York State & Local Employees' Retirement Sys.*, 27 AD3d 975, 976 [2006], *lv denied* 7 NY3d 718 [2006]). Accordingly, we need not address petitioner's contention that the Comptroller erred in concluding that the 2002 incident did not constitute an accident under the meaning of Retirement and Social Security Law § 363.

Mercure, Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.