■ In the Matter of JOHN LEACH, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [879 NYS2d 624]—

---

1204

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental disability and performance of duty disability retirement benefits.

Petitioner applied for both accidental disability and performance of duty disability retirement benefits alleging that he was permanently disabled as a result of injuries he sustained to his neck and back in 2003 during an accident that occurred while he was employed as a police officer. The applications were disapproved and petitioner requested a hearing and redetermination. Following a hearing, the Hearing Officer denied petitioner's applications, finding that his condition was developmental and age-related and "not severe enough to render him permanently disabled in regard to the performance of" his duties as a police officer. Respondent Comptroller agreed.

We confirm. Initially, we are satisfied that the Hearing Officer's findings, which were adopted by the Comptroller, "set forth an adequate statement of the factual basis for the determination" (*Matter of Montauk Improvement v Proccacino*, 41 NY2d 913, 914 [1977]).

Turning to the merits, Stuart Kandel, the expert retained by respondent New York State and Local Employees' Retirement System and a board-certified orthopedic surgeon, testified that petitioner's condition was not caused by his 2003 accident and that he was not permanently incapacitated from performing his duties as a police officer. Petitioner challenges Kandel's opinion, claiming that it has no evidentiary value because it did not account for the existence of headaches from which petitioner claimed he suffered as a result of his accident. However, Kandel claimed that the records of his examination of petitioner do not

indicate that petitioner ever stated that headaches were a current complaint. Moreover, Kandel based his conclusion that petitioner was not permanently incapacitated upon his review of the testimony of petitioner's orthopedic surgeon and neurologist, as well as Kandel's failure to note during his examination of petitioner the presence of any significant objective finding that would have correlated and served to confirm the veracity of petitioner's subjective complaints. This conclusion was reinforced by the negative results of an EMG nerve conduction study, as well as X rays of petitioner's back and neck. Since Kandel set out "a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records," the Comptroller was entitled to credit his opinion over those of petitioner's treating physicians (*Matter of Freund v Hevesi*, 34 AD3d 950, 950 [2006]; *see Matter of Matthews v DiNapoli*, 58 AD3d 1049, 1050 [2009]). Accordingly, we find that the Comptroller's determination was supported by substantial evidence (*see Matter of Matthews v DiNapoli*, 58 AD3d at 1050; *Matter of Harko v New York State Comptroller*, 46 AD3d 1185, 1187 [2007]; *Matter of Freund v Hevesi*, 34 AD3d at 951).

Rose, J.P., Kane, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.