■ In the Matter of GINA M. HAMMOND-TIMPANO, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent. [885 NYS2d 780]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner, a stenographer for the Utica City School District, was exposed to fireproofing materials twice during the summer of 1992 when the school building she was working in was under construction. She sought medical attention for numerous physical ailments—including difficulty breathing, burning in her eyes and mouth and swelling in her hands—on both occasions. Although petitioner was transferred to a different building, she stopped working in February 1993 after she began experiencing similar symptoms whenever she came into contact with a variety of other materials, including paint and certain office supplies. Petitioner has not returned to work since that time and applied for disability retirement benefits in 2002.

After her application was denied by respondent, petitioner requested a hearing and redetermination. Following a hearing at which petitioner was the only person to testify, a Hearing Officer concluded that petitioner failed to establish that she was permanently incapacitated from performing her job duties. When the Comptroller accepted the Hearing Officer's findings, petitioner commenced this CPLR article 78 proceeding challenging his determination.

We confirm. "An applicant for disability retirement benefits bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (*Matter of Swack v Hevesi*, 30 AD3d 853, 854 [2006] [citations omitted]). Here, petitioner attempted to do so by submitting medical records from five treating physicians. Although two of those physicians opined that petitioner was totally and permanently disabled as a result of her exposure to multiple chemicals, one of the two subsequently asserted that she could return to work if she was not subjected to respiratory hazards, and the other acknowledged that "the overwhelming consensus in the medical and scientific community is that inadequate evidence exists to unequivocally back any scientific theory of causation [as to multiple chemical sensitivity]." An independent medical examiner who evaluated petitioner at the request of respondent also concluded that she was permanently disabled.

To rebut petitioner's evidence, respondent relied on the opinions of two other independent medical examiners who reached contrary conclusions regarding the severity of petitioner's disability. Indeed, after examining petitioner, one physician remained unconvinced that she had "demonstrated disease in any area." The second physician, similarly, "f [ou]nd it difficult to explain her frequent symptoms with minimal to no physical findings by multiple providers over the span of more than a decade," and opined that petitioner was not disabled from performing her duties as a stenographer.

"Where, as here, there is conflicting medical evidence, [the Comptroller] is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (*Matter of Gatewood v DiNapoli*, 60 AD3d 1266, 1267 [2009] [citation omitted]). Accordingly, inasmuch as both credited experts articulated rational and fact-based opinions founded upon pertinent medical records and a physical examination of petitioner, the Comptroller's determination is supported by substantial evidence and we decline to disturb it (*see Matter of Tracy v New York State & Local Employees' Retirement Sys.*, 58 AD3d 1006, 1008 [2009]).

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.