In the Matter of JOHN M. WEEKS, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [891 NYS2d 501]—

Mercure, J.P.

Petitioner began working as a police officer for the Suffolk County Police Department in 1989. Approximately 10 years later, his coworkers became aware that he had been involved in a homosexual relationship. From that time until October 2002, when he ceased working, petitioner was regularly subjected to a pattern of sexual harassment, homophobic slurs and death threats. Asserting that he sustained disabling psychological injuries as a result, petitioner subsequently submitted applications for ordinary disability retirement benefits, performance of duty disability retirement benefits and accidental disability retirement benefits. After his applications were disapproved, he requested a redetermination and hearings were held. Following those hearings, a Hearing Officer determined, among other things, that petitioner was not permanently incapacitated from the performance of his duties and denied his applications. Re-

spondent Comptroller adopted the findings and conclusions of the Hearing Officer, prompting this CPLR article 78 proceeding.

We note initially that petitioner's civil rights claims* are not presently before this Court; rather, our review is limited to whether substantial evidence supports the Comptroller's determination that petitioner is not "physically or mentally incapacitated for the performance of duty" (Retirement and Social Security Law § 362 [aa]; § 363-c [a]; *see* Retirement and Social Security Law § 363 [a] [1]; *Matter of Stern v DiNapoli*, 57 AD3d 1076, 1077-1078 [2008]). As an applicant for disability retirement benefits, petitioner bore the burden of establishing that he is permanently incapacitated from performing his duties as a police officer (*see Matter of Rossi v New York State Comptroller*, 55 AD3d 1125, 1125-1126 [2008]). To that end, he offered the testimony of Barry Butner, a licensed psychologist who began treating petitioner in 2003. Butner testified that petitioner suffers from chronic posttraumatic stress disorder and is "unfit for duty . . . in Suffolk County law enforcement in any capacity." He also opined, however, that petitioner "is a very capable man" whose inability to perform the duties of a police officer was strictly the result of the environment in which he was forced to work. Notably, Marc Grusensky, a board-certified psychiatrist who testified on behalf of respondent New York State and Local Employees' Retirement System, shared the latter opinion. Indeed, Grusensky concluded that petitioner was not permanently incapacitated from working as a police officer and that, provided the behavior of his coworkers was addressed and rectified, petitioner could return to the Suffolk County Police Department.

In short, both doctors agreed that petitioner was fully capable of working as a police officer in the abstract; they parted ways, however, on whether he was permanently disabled from returning to his position with the Suffolk County Police Department. Thus confronted with conflicting medical opinions, it was well within the discretion of the Comptroller to credit the testimony of one expert over that of another (*see Matter of Doran v New York State & Local Police & Fire Retirement Sys.*, 56 AD3d 922, 922-923 [2008]). Accordingly, inasmuch as Grusensky's medical opinion was rational and fact-based, the Comptroller's determi-

---

* Petitioner has successfully sought relief pursuant to 42 USC § 1983 for civil rights violations in the Eastern District of New York (*Weeks v Suffolk County Police*, US Dist Ct, ED NY, 03 Civ 4294, Wexler, J., 2005). We stress that, while reprehensible, the wrongful conduct of other department personnel is beyond the scope of this proceeding, and those individuals are not parties to it.

nation is supported by substantial evidence and we decline to disturb it (see id. at 923; Matter of Greenway v New York State & Local Employees' Retirement Sys., 274 AD2d 662, 663 [2000], lv dismissed 95 NY2d 917 [2000]). Petitioner's remaining assertions, including that the incident relied upon as the basis for his entitlement to accidental disability retirement benefits constituted an accident within the meaning of the Retirement and Social Security Law, are either without merit or have been rendered academic by our decision (see Matter of Matthews v DiNapoli, 58 AD3d 1049, 1050 [2009]; Matter of De Filippo v Hevesi, 32 AD3d 652, 653 [2006]).

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.