In the Matter of MICHAEL JACKSON, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [894 NYS2d 214]—

McCarthy, J.

Petitioner, a housekeeping supervisor, applied for ordinary disability retirement benefits in April 2004, six months after sustaining multiple injuries in an automobile accident. Following the initial disapproval of his application, petitioner requested a redetermination and hearings were held. A Hearing Officer subsequently denied petitioner's application on the basis that he did not demonstrate that he was permanently incapacitated from the performance of his duties. Respondent Comptroller accepted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

We confirm. As relevant here, a petitioner seeking disability retirement benefits must demonstrate that he or she is permanently incapacitated from performing the functions associated with his or her employment (*see Matter of Tracy v New York State & Local Employees' Retirement Sys.*, 58 AD3d 1006, 1007 [2009]; *Matter of Stern v DiNapoli*, 57 AD3d 1076, 1077 [2008]). Where conflicting medical evidence is presented on this issue, "the Comptroller is vested with the authority to credit one expert's opinion over another" (*Matter of Matthews v DiNapoli*, 58 AD3d 1049, 1050 [2009]), and his determination in that regard will be upheld if it is supported by substantial evidence (*see Matter of Leach v New York State Comptroller*, 62 AD3d 1203, 1205 [2009]; *Matter of Harko v New York State Comptroller*, 46 AD3d 1185, 1187 [2007]).

Here, medical reports completed by two of petitioner's treating physicians indicated that petitioner was permanently disabled due to, among other things, cervical radiculopathy and carpal tunnel syndrome. Likewise, petitioner's treating psychologist opined that petitioner was unable to return to work as a result of his cognitive deficits and chronic, debilitating pain. In contrast, several independent medical examiners who evaluated petitioner on behalf of respondent New York State and Local Employees' Retirement System concluded otherwise. Steven Schwartz, a board-certified neurologist, stated that petitioner was not rendered disabled by any neurological defect, and Marc Grusensky, a board-certified psychiatrist, testified that petitioner did not suffer from any psychological condition that would prohibit him from performing the duties of a housekeeping supervisor. Finally, Edward Toriello, a board-certified orthopedic surgeon, opined that petitioner did not require any further orthopedic treatment or physical therapy, and that he could return to work with no restrictions. Accordingly, inasmuch as each of the Retirement System's experts "articulated rational

and fact-based opinions founded upon pertinent medical records and a physical examination of petitioner." (*Matter of Hammond-Timpano v New York State & Local Retirement Sys.*, 65 AD3d 1439, 1440 [2009]), we perceive no basis upon which to disturb the Comptroller's decision.

Peters, J.P., Rose, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.