■ In the Matter of BARBARA A. ANNIS, Petitioner, v KEVIN F. MURRAY, as Deputy State Comptroller, Respondent. [916 NYS2d 341]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

---

* After petitioner's appearance before the Board, an amended and accurate commitment form was issued.

Petitioner, a police captain, filed an application for accidental disability retirement benefits in January 2007 alleging that she was permanently incapacitated from the performance of her duties as the result of incidents occurring in March 1994 and April 2005. Although acknowledging that the April 2005 incident constituted an accident within the meaning of Retirement and Social Security Law § 363, the New York State and Local Police and Fire Retirement System denied petitioner's application, finding that she was not permanently incapacitated from the performance of her duties and, further, that the March 1994 incident did not qualify as an accident under the statute. Following a hearing and redetermination, the Hearing Officer reached the same conclusion. The Comptroller upheld the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination.

"To receive accidental disability retirement benefits, a petitioner has the burden to establish that he or she is permanently incapacitated from performing his or her regular job duties" (*Matter of Terry v New York State Comptroller*, 39 AD3d 1116, 1116 [2007] [citation omitted]; *see Matter of Stern v DiNapoli*, 57 AD3d 1076, 1077 [2008]; *Matter of Amedio v Hevesi*, 45 AD3d 1004, 1005 [2007], *appeal dismissed* 10 NY3d 744 [2008]). Here, both petitioner and the Retirement System elected to proceed on documentary evidence. Although petitioner submitted medical records containing evidence of disability, none of the documents tendered established that "any such disability was permanent" (*Matter of Terry v New York State Comptroller*, 39 AD3d at 1117), and the board-certified orthopedic surgeon who evaluated petitioner on behalf of the Retirement System concluded that petitioner was capable of performing all of her employment duties. The Comptroller was free to resolve any conflict in the medical evidence in favor of the Retirement System (*see Matter of Rogers v DiNapoli*, 78 AD3d 1472, 1473 [2010]; *Matter of Wilson v New York State & Local Police & Fire Retirement Sys.*, 53 AD3d 762, 763 [2008]). Accordingly, substantial evidence supports the Comptroller's finding that petitioner is not permanently incapacitated from the performance of her duties and, hence, is not entitled to accidental disability retirement benefits. In light of this conclusion, we need not address the issue of whether the March 1994 incident constituted an accident.

Cardona, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.