Matter of Walsh v New York State & Local Empls. Retirement Sys. (2019 NY Slip Op 07662)





Matter of Walsh v New York State & Local Empls. Retirement Sys.


2019 NY Slip Op 07662


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

527435

[*1]In the Matter of David Walsh, Petitioner,
v
New York State and Local Employees Retirement System et al., Respondents.

Calendar Date: September 4, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ.


Jeffrey Fleischmann, New York City, for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondents.



Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's applications for accidental and State Police disability retirement benefits.
In 2011, petitioner — a state trooper — applied for accidental and State Police disability retirement benefits alleging that he was permanently incapacitated as a result of injuries sustained to his back, neck and right shoulder in 2002 when, in the course of investigating a motor vehicle accident on Interstate 87, another vehicle rear-ended the parked patrol vehicle in which he was sitting and propelled his vehicle into a concrete barrier. After the New York State and Local Police and Fire Retirement System denied both applications, petitioner sought a hearing and redetermination. Following a hearing, which took place over two dates in 2012, the Hearing Officer upheld the denial of petitioner's applications. Respondent Comptroller ultimately remanded the applications for further action, finding that the Hearing Officer failed to make findings on an issue of fact central to the question of whether petitioner's injuries rendered him permanently incapacitated. Following a second hearing, during which all evidence and testimony presented at the first hearing was admitted into evidence without objection, a new Hearing Officer concluded that petitioner had failed to establish that he was permanently incapacitated as a result of his injuries and, consequently, denied petitioner's applications. The Comptroller accepted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding to challenge the Comptroller's determination. Finding that the petition raised the issue of whether substantial evidence supported the determination, Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).
We confirm. An applicant for accidental or State Police disability retirement benefits bears the burden of establishing, among other things, "that he or she is permanently incapacitated from performing his or her regular job duties" (Matter of Terry v New York State Comptroller, 39 AD3d 1116, 1116 [2007]; see Matter of Solarino v DiNapoli, 171 AD3d 1434, 1435 [2019]; Matter of Rawson v DiNapoli, 150 AD3d 1606, 1606 [2017]). The Comptroller is vested with "the authority to resolve conflicts in medical evidence and to credit the opinion of one expert over that of another, so long as the credited expert provides an 'articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records'" (Matter of Hill v New York State & Local Retirement Sys., 295 AD2d 802, 802 [2002], quoting Matter of Buczynski v New York State & Local Empls. Retirement Sys., 291 AD2d 630, 630 [2002]; see Matter of Terry v New York State Comptroller, 39 AD3d at 1117). Where the Comptroller's determination is supported by substantial evidence, it will be sustained (see Matter of Anderson v DiNapoli, 126 AD3d 1278, 1279 [2015]; Matter of Occhino v DiNapoli, 117 AD3d 1156, 1156 [2014]).
The Comptroller credited the expert opinions of John Mazella, a board-certified orthopedic surgeon who reviewed petitioner's medical records and conducted physical examinations of petitioner in 2011 and 2014. Following both examinations, Mazella opined that petitioner was not permanently incapacitated — in 2011, because there were reasonably safe treatment options available and, in 2014, because petitioner's conditions had resolved or were stable. Mazella's articulated, rational and fact-based opinions were consistent with petitioner having returned to full-duty work for seven years following the accident and were also corroborated by reports from Kenneth Falvo and Howard Levin, board-certified orthopedic surgeons who examined petitioner in 2003 and 2011, respectively, and each concluded that petitioner was able to fully perform his job duties. Although petitioner's experts opined, in contrast, that petitioner was permanently incapacitated, the Comptroller discounted those opinions for various reasons, including a failure to review all relevant medical records and/or an inability to opine as to petitioner's condition at the time that he filed his benefit applications.[FN1] Further, contrary to petitioner's suggestion, determinations made by the Workers' Compensation Board and Social Security Administration are not binding upon the Comptroller (see e.g. Matter of Weldon v DiNapoli, 120 AD3d 869, 870 n [2014], lv denied 24 NY3d 914 [2015]). According due deference to the Comptroller's credibility assessments, we find that substantial evidence supports the determination that petitioner failed to prove that his injuries rendered him permanently incapacitated (see Matter of Slaughter v New York State Off. of the State Comptroller, 85 AD3d 1438, 1439 [2011]; Matter of Wilson v New York State & Local Police & Fire Retirement Sys., 53 AD3d 762, 763-764 [2008]; Matter of Mirrer v Hevesi, 4 AD3d 722, 723-724 [2004]). Accordingly, we confirm the determination.
Egan, Jr., J.P., Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Given that, at the second hearing, petitioner consented to the admission of evidence from the first hearing, we reject his contention that the Comptroller could not rely on Falvo or Levin's reports or certain of Mazella's reports.